# Richmond.

## DeFarges et als. v. Ryland & Brooks.

### January 29th, 1891.

1. HUSBAND AND WIFE—*Witnesses.*—When both are interested in the result of the suit, neither is a competent witness. And same is true when the question is whether a settlement made by him on her is a valid act.

2. RECITALS IN DEEDS—*As to whom conclusive.*—These are conclusive against parties claiming under the deed, but not as to third persons.

3. POST-NUPTIAL SETTLEMENTS—*When valid.*—Such settlements made in pursuance of previous contract and on valuable consideration, such as relinquishment of her interest in husband's estate, where there is no badge of fraud, are good.

4. IDEM—*Subsequent debts.*—Post-nuptial settlement will be good against subsequent creditors where there is no fraud and settler is not in debt when he makes it.

5. IDEM—*Without consideration.*—Every voluntary post-nuptial settlement is fraudulent and void as against creditors, when settler is indebted. And every settlement will be taken as voluntary, unless those claiming under it can show it was made for a valuable consideration, which cannot be shown either by the answer or by the recitals in the deed, but must be established by legal evidence.

6. IDEM—*Case at bar.*—Settlement by husband largely indebted, on wife of lands and all his personalty, upon consideration and pursuant to agreement recited in the deed : *held,* void as to creditors in the absence of evidence to sustain the truth of said recitals.

Appeal from decrees of circuit court of King William county, rendered October 25th, 1888, and May 4th, 1889, respectively, in suit under style of *Ryland & Brooks* v. *John S. DeFarges et als.*

The bill was filed by the appellees against the appellants, John S. DeFarges, Josephine DeFarges, his wife, and F. King, trustee, to set aside a trust deed made by the appellant, John S. DeFarges, on the 31st of March, 1887, by which he conveyed all of his property to the said appellee, King, to be held in trust for the benefit of his said wife, the appellee, Josephine De-Farges, free from the claims of all persons claiming under him.

The defendants answered and depositions were taken, and the case heard in the circuit court on the 25th day of October, 1888, when the said court, without at that time passing on the validity of the trust deed above mentioned, so far as it related to the debts of the said John S. DeFarges, not then constituting liens on his real estate, or not secured in another trust deed by the said DeFarges, conveying certain property to trustees to pay certain debts, declared said deed of March, 1887, void only as to debts thus secured before the recordation of the said deed; directed the trustee in the trust deed first made dated 22d of March, 1886, to close the same, and directed the trustees, Pollard and Bagby, to proceed, under another trust deed, dated December 27th, 1886, to make sale of so much of the property conveyed to them by said last-mentioned deed as was necessary to pay the costs, &c., and the residue unpaid of the debts secured therein.

And on the 4th day of May, 1889, the said circuit court of King William county rendered another decree, by which, after excluding the deposition of Mrs. DeFarges, held that the trust deed of March 31st, 1887, was made with intent to hinder, delay, and defraud creditors, and was therefore void as to debts contracted before its execution; decreed the sale of the personal property conveyed in the deed to be first made, and appointed a receiver to execute the decree as to this, except as to property exempt under sections 3650 and 3651 of the Code of Virginia, upon a credit, except as to small sums.    From this

decree DeFarges and wife applied for and obtained an appeal to this court.

*J. N. Stubbs,* for the appellants.

*H. R. Pollard,* for the appellees.

Lacy, J., delivered the opinion of the court.

The first assignment of error necessary to notice is the complaint that the sale was ordered before the report of the trustee came in, closing the first trust deed as to the sale of the saw mill. Regularly, this report should have been in in order to ascertain the balance due after crediting the proceeds of the saw mill; but the report being filed, it appears that Mrs. DeFarges was the purchaser at this sale, and therefore there was no injustice or injury to the appellants, as they appear to have had full knowledge and information upon this subject.

The next assignment is that the court erred in excluding the deposition of Mrs. DeFarges in this cause. This question is too well settled to admit of any profitable discussion. As was said by this court in the case of *Burton* v. *Mills,* 78 Va., 470, as to the competency of husband and wife in such case: "They occupy the relation of husband and wife, and are both interested in the result of this suit. They are, therefore, incompetent as witnesses." *William and Mary College* v. *Powell,* 12 Gratt., 372; *Murphy* v. *Carter,* 23 Gratt., 486.

But it is insisted that Mr. DeFarges was not interested in this suit, because he had parted with all interest to his wife ; but that is the very question—whether this act is valid which was done by him—and the cases all hold that he is interested in such a case. As he obviously is, his wife is also interested. Her interest would not render her incompetent, but his interest does render his wife incompetent as a witness.

It is assigned as error that the circuit court annulled the

deed of March, 1887, as fraudulent and void as to existing creditors. It is settled that the relinquishment by the wife of a certain or even a contingent interest in her husband's estate will support a post-nuptial settlement when there is no badge of fraud. 1st Eq. Cas. Abr., 19; 2 Ves., 16. So, likewise, the releasing her jointure or dower. Pr. in Cha., 113; 2 Lev., 70, 147; 2 Vern., 220; *Blow* v. *Maynard*, 2 Leigh, 31.

If the parting with these contingent interests of the wife has this effect, it follows, *a fortiori*, that her parting with her own estate, or making a charge on it for her husband's benefit, will constitute a valuable consideration. 2 Lev., 148; Cowp., 278, and *Lady Arundel* v. *Phipps*, 10 Ves., 139.

It has also been decided that, in settlements after marriage, a consideration moving from the wife will support limitations to her children as well as in her own favor. *Ward* v. *Shallet*, 2 Ves. Sen., 16–18; *Lavender* v. *Blackstone*, 2 Lev., 147.

But, though these settlements will be supported when they appear to have been made upon a fair contract for a valuable consideration, *and in the execution of such a contract*, yet, from the relative situation of the parties, and the convenient cover they afford a debtor to protect his property and impose upon the world, they are always watched with considerable jealousy.

A post-nuptial settlement will be good against subsequent creditors when there is no fraud and the settler is not indebted when he makes it.

But when the debtor is greatly indebted and harassed by his creditors, the very fact of his making a settlement excites strong suspicion, and to support it an adequate consideration must be shown, together with the absence of those other badges which generally attend a fraudulent transaction.

Every voluntary post-nuptial settlement, when the settler is indebted, is, as against his creditors, fraudulent and void; and every settlement will be taken as voluntary, unless those claiming under it can show that it was made for a valuable consid-

·eration. Such consideration set up in the answer, by way of ·defence, must be established by legal evidence.

As was said by Judge Carr in *Blow* v. *Maynard, supra:* " If the defendant, charged with fraud in accepting and holding under a voluntary deed, could by her own answer, supply proof of a contract and the execution of it, and of a valuable considera-tion for the deed, then, in truth, it may be said that to require proof of a consideration at all is a mere farce."

The recitals in a deed are said to be conclusive against all persons claiming under the settler, but such recitals are not proof against creditors attacking the deed.

If such recitals were proof against creditors, it would be putting into the hands of a fraudulent debtor a most danger-ous weapon.

As was said by the master of the rolls in *Batterbee* v. *Barring-ton,* Swans., 106: "Such a doctrine would give to every trader a power of excluding his creditors by a recital in a deed to which they are not parties." *W. & M. College* v. *Powell, supra.*

*It is shown* that Mr. DeFarges came into the possession of con-siderable property by his marriage. There is no proof of any contract made at the time of the marriage, and no claim made concerning such agreement until some seventeen years after the marriage, when the husband had become largely indebted in numerous debts, some of which had been secured by two previous deeds in trust, and many secured by judgments re-covered against the settler, and many more were sued on. The trust deed in question was made for alleged consideration of six thousand five hundred dollars, amounts advanced from time to time by Josephine DeFarges, and in further considera-tion of the sum of one thousand five hundred dollars, due for timber cut on her land, and of her uniting in certain deeds, and an agreement made to reimburse her. And the deed con-veys several tracts of land situated in the counties of King William and King and Queen, and *all of his personal property,* all live stock, all the corn in the barn, and all household and

kitchen furniture, leaving nothing for his subsistence except by her bounty. And, as if this were not enongh, the deed adds: " *This to include all the personal property of every description now owned by me.*"

Now, if this deed was not *made* to prevent his creditors from recovering their debts, its provisions, if sustained, necessarily must accomplish that result; and, as we have seen, if voluntary, it must be held to be fraudulent as to them, because he was largely indebted at the time, and no provision is made for the creditors whatever.

It can only be sustained upon clear and distinct proof of a valuable consideration.

There is no satisfactory proof of any such agreement as that set up in the deed, when the answers and the deposition of Mrs. DeFarges, and the recitals of the deed, have been rejected. The personal property received by the husband belonging to the wife became his by virtue of his marital rights, and the real estate is still held by the wife and not affected by this suit.

There is proof of the declaration of the husband and wife which set up a claim to a provision on the part of the husband to reimburse the wife for such of her property as he may have used, but these prove nothing more than the answers, the effect of which we have considered, and are wholly inadequate to prove the alleged agreement.

There was the lapse of a long period of time between the marriage and the settlement, and there is not only no sufficient proof of the agreement to support the settlement, but it cannot be held to have been in pursuance of any agreement, and was obviously voluntary; and so it was correctly to be constructively fraudulent as to the existing creditors of the husband. And the decrees complained of and appealed from here are without error and must be affirmed.

DECREE AFFIRMED.