Niland v. Kalish.

PETER NILAND ET AL. V. SOLOMON KALISH ET AL.

FILED MAY 9, 1893.   No. 4925.

**Fraudulent Transfer of Property from Husband to
Wife : WIFE AS WITNESS.** Under the provision of section 331 of
the Code of Civil Procedure, a wife, over her husband's objection,
cannot be required to testify as to facts which, it is claimed by
the adverse party, would show that a transfer of property from
her husband to herself was fraudulent.   Neither can the hus-
band under like circumstances be compelled to testify as against
his wife.

ERROR from the district court of Douglas county. Tried
below before HOPEWELL, J.

*Switzler & McIntosh,* for plaintiffs in error.

*C. A. Baldwin, contra.*

RYAN, C.

This action was brought in the district court of Douglas
county to set aside the title of Adalia Kalish to certain
real property, and subject the same to the payment of the
debts of her husband, Solomon Kalish, evidenced by judg-
ments in favor of the plaintiffs severally, upon each of
which judgments execution had issued and been returned
*nulla bona.*   The petition alleged, in effect, that the prop-
erty sought to be subjected had been acquired by Solomon
Kalish, but that the title was taken in the name of his
wife, to enable him to hinder, cheat, and defraud his said
creditors, who were remediless except by subjecting said
property to the payment of said judgments respectively.
The answers of both Solomon Kalish and his wife denied
the matters above averred, and alleged that Mrs. Kalish
acquired said property through the use of her separate in-
heritance, earnings, and gifts to herself.   A trial was had

upon these issues and judgment rendered in favor of the defendants. In the progress of this trial, in the language of the bill of exceptions, "The plaintiffs called upon Mrs. Kalish, the wife of the defendant, to take the witness stand, and to testify for the plaintiffs. Whereupon the defendant Solomon Kalish objects to the witness and co-defendant Adalia Kalish being examined and giving testimony in this case, for the reason that, she being the wife of the defendant Solomon Kalish, is not a competent witness to testify in this case under the law. Objection sustained, and plaintiffs except. Plaintiffs' counsel said he called the witness last referred to for the purpose, and offers to prove by her, that the property which is held in her name was purchased by her as set forth in plaintiffs' petition with funds belonging to the defendant Solomon Kalish, said funds having been accumulated and used by her through his direction in the purchase of said property, and the placing of the same in her name in fraud of the creditors of the defendant Solomon Kalish." Argumentatively, counsel for plaintiffs, also in that connection, gave reasons why the proposed evidence should be allowed, as, that it would rather be in favor of than against her husband's interest in respect of the said property; that the knowledge of these facts was confined to witness and her husband, etc., but there was no further statement of facts proposed to be proved by Mrs. Kalish. Objections to the proposed evidence was sustained and plaintiffs excepted. In like manner, *mutatis mutandis*, there was an offer to make proof of the same matter by Solomon Kalish's evidence, resulting in the same ruling and exception upon objection of the same nature. There was no question propounded to either of the witnesses, and the testimony proposed to be elicited can only be conjectured from plaintiffs' own offer of proof already quoted from the bill of exceptions.

Having in view the liberal charges of fraud made in the plaintiffs' petition against Solomon Kalish, followed by the

above specific offer of proof of a fraudulent transfer of property, it is difficult to conceive how, as plaintiffs contend, this proposed evidence could be in favor of Solomon Kalish. It might, it is true, tend to show as a remote result that Solomon Kalish was the beneficiary for whom his wife held the title of the property in dispute, and in that narrow, technical view, it might be insisted that the proof of such interest in the property might be of matter in his favor. Such a construction, however, savors too much of casuistry and cannot be accepted as the sense in which the offer was made and insisted upon, for this whole proceeding was on the theory that Solomon had no property whatever, and plaintiffs could hardly be suspected of the inconsistent attempt to establish in Solomon's favor a basis for credits.

Plaintiffs further contend that it was impossible to determine whether or not the evidence would be for or against the party objecting until after it was actually given. It sufficiently answers this to remark that the scope of the evidence proposed was limited by plaintiffs' own statement of what it would be. If the offer of proof does not subserve that purpose it is entirely useless, for it could perform no other function. The sole question then presented is, whether or not the district court erred in excluding the evidence offered for the purposes stated by counsel. While no statute has been found in the exact language of our own there are those which contain substantially the same inhibition. Section 331 of the Code of Civil Procedure is in the following language: "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other." In *Wolford v. Farnham*, 44 Minn., 159, there was considered a statute having a similar provision to that just quoted, and it was there held that the district court properly excluded the

evidence of the husband upon the wife's objection thereto. In *Blanchard v. Moors*, 85 Mich., 380, the supreme court of Michigan held, under a similar statute, that the proposed evidence of the husband as to an alleged fraudulent transfer of property by him to his wife was inadmissible over the objection of his wife. No adjudged case has been cited at variance with the conclusions of the courts above reached, and we believe the language of the statute is susceptible of no other construction. The rulings of the district court were right and its judgment is therefore

AFFIRMED.

THE other commissioners concur.