THERESA BERLES v. ALLEN C. ADSIT, CIRCUIT JUDGE OF KENT COUNTY.

*Husband and wife—Competency as witnesses—Garnishment.*

Under 3 How. Stat. § 7546, which provides that "a husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent," except in certain cases, a wife, when garnished in a suit against her husband, cannot, without his consent, be examined as to transfers of property made to her by her husband.

*Mandamus.* Argued October 23, 1894. Granted November 20, 1894.

Relator applied for *mandamus* to compel respondent to set aside her default, entered in a garnishee suit because of her refusal to submit to an examination. The facts are stated in the opinion.

*Fletcher & Wanty*, for relator.

*McGarry, McKnight & Judkins*, for respondent.

MONTGOMERY, J. An action was commenced in the circuit court for the county of Kent by the Peninsular Stove Company, as plaintiff, against Joseph Berles. Garnishee proceedings were also instituted against Theresa

Berles, the relator, who is the wife of Joseph Berles. Judgment was rendered against the principal defendant. The affidavit for a writ of garnishment set forth that the garnishee defendant had property, money, goods, chattels, and effects in her hands and under her control, belonging to the principal defendant, Joseph Berles, which she held by a conveyance or title that was void as to creditors of Joseph Berles; the proceedings being based upon 3 How. Stat. § 8091. Relator answered, denying liability. She was thereupon cited to appear and submit to an examination before respondent. She appeared, and, it appearing that she was the wife of the principal defendant, the attorney for her husband objected to her being examined in regard to the transfer of the property in question, on the ground that he, the husband, was a party to the action, and that her testimony would be against him, and therefore incompetent. The objection was overruled, and, the relator declining to answer the questions, plaintiff entered her default for refusing to submit to an examination. The relator moved to set aside the default on the ground that she could not be compelled to submit to such examination. This motion was overruled, and the present application is made for an order requiring the circuit judge to set aside the default.

The question involved is whether, in a garnishee proceeding, the wife of the principal defendant may be examined as to transfers of property made to her by the husband.

3 How. Stat. § 7546, provides that "a husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent," except in certain cases not necessary to be stated here. Was the wife competent to testify in this proceeding as a witness for or against her husband? The proceeding is analogous to a judgment

creditor's bill in aid of execution. In *De Farges v. Ryland,* 87 Va. 404, it was held in such case that the transferee, the wife, was not competent to testify against the objection of her husband. The same holding was made in *Niland v. Kalish,* 37 Neb. 47. We are cited to *Thompson v. Silvers,* 59 Iowa, 670, which sustains the respondent's contention. But we find the Iowa statute differs materially from ours. We think the objection of the husband was valid, and should have been sustained.-

The writ will issue.

The other Justices concurred.