In re MAYER.

(District Court, E. D. Wisconsin. October 6, 1899.)

BANKRUPTCY—WIFE OF BANKRUPT AS WITNESS.

Where, by the law of the state in which the proceedings are had, a wife cannot be a witness for or against her husband, she cannot be required, in proceedings in bankruptcy against the husband, to testify concerning sums of money alleged to have been placed in her hands by the husband shortly before the institution of the bankruptcy proceedings, with a view to their recovery by the trustee.

In Bankruptcy.

On proceedings before the referee in this case under Bankr. Act 1898, § 21, Marie Mayer, wife of the bankrupt, was required to appear for examination, and was sworn as a witness, against general objections on her own behalf and on behalf of the bankrupt that she was "not a competent witness under the laws of the state of Wisconsin." Counsel for the trustee thereupon offered to interrogate the witness in reference to sums of money alleged to have been delivered to her by the bankrupt "within a few months prior to the filing of this petition," purporting to be "either in payment of an alleged indebtedness to her or as a gift," and stated as the object of the examination "to ascertain where that fund is, and the consideration for which it was received by the witness," and to "obtain discovery in relation to transactions with the bankrupt during the same period, to ascertain whether she holds moneys by a title void or fraudulent as to the trustee." Objections were taken that she was not a competent witness in such matters, and were sustained by the referee, who thereupon certifies the question of competency for ruling by the court.

Timlin & Glicksman and J. A. F. Groth, for bankrupt.
Bloodgood, Kemper & Bloodgood, for creditors.

SEAMAN, District Judge. The proceeding before the referee in which this question arises is governed by section 21 of the bankruptcy act, which authorizes only the examination of a person "who is a competent witness under the laws of the state in which the proceedings are pending." Unlike the act of 1867, no express provision is made to bring in the wife of a bankrupt "to be examined as a witness" (Rev. St. § 5088), and the decisions under that act are inapplicable. The present act establishes as the sole test of competency in these proceedings the law which prevails in the state of Wisconsin, and by repeated decisions of the supreme court of the state it is well settled that "the common-law disability and incompetency of husband and wife to testify for or against each other" remains unimpaired by statute, except in special instances, not involved in the question submitted here. Carney v. Gleissner, 62 Wis. 493, 22 N. W. 735; Smith v. Merrill, 75 Wis. 461, 44 N. W. 759; 2 Sanb. & B. Ann. St. Wis. § 4072, and notes. Under the rule at common law "a wife cannot be received as a witness for or against her husband," aside from certain exceptions, not applicable here; and that rule is not dependent upon interest in the issue, but "rests solely upon public policy." Therefore it is not affected by statutes which remove objections to the competency of a witness on account of interest. Lucas v. Brooks, 18 Wall. 436, 452. The testimony was originally excluded because "husband and wife are considered as one and the same person in the law, and to have the same affections and interests" (Bac. Abr. tit. "Evidence" A, 1), but the ground of public policy finally prevailed, as demanding "that those living in the marriage relation should not be compelled or allowed to betray the mutual trust and confidence which such a relation implies," and was not limited to mere confidential communications, "but was an absolute prohibition of the testimony of the witness to any facts affecting the husband or wife, as the case might be, however the knowledge of those facts might have been acquired." 3 Jones, Ev. § 751; 1 Best, Ev. § 175. The doctrine thus stated clearly excludes the wife of the bankrupt from competency as a witness on the inquiry certified, and this view

is well fortified by the ruling of Judge Bunn in Re Fowler (D. C.) 93 Fed. 417. The case before Judge Brown in Re Foerst (D. C.) 93 Fed. 190, is not applicable, as the question of competency did not arise, and presumably was not open under the statute of New York which removes the common-law restriction. Southwick v. Southwick, 49 N. Y. 510, 513; People v. Wood, 126 N. Y. 249, 271, 27 N. E. 362.

In the argument of counsel to support this offer of testimony distinction is claimed in the peculiar nature of the proceedings in bankruptcy, and on the assumption that the bankrupt is not directly interested in the inquiry, and not a party to this branch of the proceedings. The bankrupt is clearly a party throughout the proceedings, and matters of interest to him, and even of criminal responsibility, may be involved in the inquiry. In either aspect, the testimony of the wife cannot be received when she is not brought in as a party. Let the answer be certified to the referee that the wife is not a competent witness in the matters proposed for inquiry.