## LEWIS C. OLMSTED ET AL. V. ISAAC W. EDSON.

FILED FEBRUARY 4, 1904.   No. 13,196.

1. **County Judge:** DEPOSITIONS: POWER TO COMMIT WITNESS. A county judge in this state has the same jurisdiction and powers in taking depositions that are conferred by law upon a notary public, including full authority to commit a witness for refusing to be sworn or give testimony in a proper case.

2. **False Imprisonment:** PETITION. A petition against a county judge, or a notary public, to recover damages for false imprisonment, based on such a commitment, must allege facts, not conclusions of the pleader, from which it appears that the officer proceeded without jurisdiction, or that the evidence sought to be elicited from the witness was of such a nature as to justify his refusal to testify.

3. Petition: DEMURRER. Petition examined, and *held* that a general
   demurrer thereto was properly sustained.

ERROR to the district court for Webster county: ED L.
ADAMS, JUDGE. *Affirmed.*

*L. H. Blackledge,* for plaintiffs in error.

*J. M. Chaffin, J. R. Mercer, J. S. Gilham* and *Bernard
McNeny, contra.*

BARNES, J.

This was an action to recover damages for an alleged
illegal or false imprisonment. The suit was brought in
the district court for Webster county, and the allegations
of the petition were in substance as follows: That the de-
fendant, Isaac W. Edson, was the county judge of Webster
county, Nebraska; that the plaintiffs were, and had been
for more than thirty years, husband and wife; that they
resided in the vicinity of Inavale, and were well known to
the defendants, as well as throughout a large part of Web-
ster county; that on July 12, 1902, the defendant Ayers, as
plaintiff, filed his petition and commenced his action in
the district court for Webster county against the plaintiffs,
and one Adelbert I. Walker, as administrator of the estate
of Allen T. Ayers, deceased, and caused a summons to be
issued therein for the defendants, the plaintiffs herein,
only, and caused the said summons to be served on them,
the answer day therein being fixed on August 11, 1902; that
at the time of the acts complained of, no other summons
had been issued in that action, and no appearance or other
pleadings of any nature had been filed therein; that the
defendant, Ayers, delivered said summons to the sheriff of
Webster county for service, and also delivered therewith
to the said officer a notice in customary form, stating that
on July 15, 1902, the plaintiff in that action would take
the depositions of the plaintiffs herein at the office of Fred
E. Maurer, in Red Cloud, Webster county, Nebraska, and
caused said notice and summons to be served on the plain-

tiffs, and on the 11th day of July caused a subpœna to
be issued by the said Fred E. Maurer, as notary public,
and served by the sheriff, commanding the plaintiffs to
appear and give their depositions in said action before
said Maurer as a notary public; that the plaintiffs ap-
peared before said officer and made known to him that
they were, and for many years had been, residents of
Webster county, and that they had no present intention
of absenting themselves therefrom, either permanently or
temporarily; that neither of them was aged, sick or infirm
so as to interfere with their being present and giving testi-
mony at the trial of said cause; that no order of the dis-
trict court or a judge thereof, authorizing or permitting
the taking of their depositions, had been asked for or
obtained; that the attempt to take their said depositions
was not in good faith, but for the purpose of harassing and
vexing them; that they were husband and wife, and that
they each objected, on that ground, to either of them being
required to be sworn or affirmed, or become or testify as
witnesses on behalf of the plaintiff in said cause; that they
thereupon refused to give their depositions; that the plain-
tiff Ayers, one of the defendants herein, requested the
notary to commit the plaintiffs for contempt, which re-
quest was refused; that afterwards, on July 21, 1902, the
defendants, Ayers and Edson, agreeing together, and well
knowing the facts, maliciously, for the purpose of further
harassing the plaintiffs, and illegally compelling them to
give their depositions in said cause, caused another notice
to be issued and served on them for the purpose of taking
their depositions in behalf of said Ayers, in said cause, at
the office of the defendant Edson, county judge, who there-
upon issued a subpœna requiring the plaintiffs to appear
and give their testimony by deposition in conformity with
such notice, which subpœna was duly served on the plain-
tiffs who, in obedience thereto, appeared before said county
judge and made known to him substantially the same facts
which had been made known to the notary public, and
which facts and objections were reduced to writing, sworn

to and filed by each of the plaintiffs with the said county judge; that they thereupon again refused, for said reason, to submit or give their depositions before said judge as witnesses on behalf of said Ayers; that thereupon the defendant Edson, on the demand of defendant Ayers, knowingly, maliciously, arbitrarily and oppressively, without right, jurisdiction or authority of law, made and entered an order finding the plaintiffs guilty of contempt in refusing to give their depositions, and committed them to the common jail of the county until they should submit to be sworn or affirmed and give their depositions in said cause as witnesses for the plaintiff therein, which order was under the seal of said court, and a copy thereof was delivered to the sheriff of said county, who was the jailer, and by reason thereof the plaintiffs were committed to the common jail of said county and there confined for the space of 6 days, at the end of which time they were discharged upon the writ of habeas corpus by the judge of the district court for said county because said imprisonment was illegal; that by reason of said imprisonment plaintiffs suffered severe pain, anguish of body and mind, shame, humiliation and disgrace; that they also incurred a great expense, to wit, $150 for traveling expenses, attorney's fees and expense in defending said proceedings and procuring their discharge; that, by reason of all of which, they had been damaged in the sum of $10,000, for which sum they prayed judgment.

Defendant Nathan A. Ayers was not served with a summons, and did not appear in the case, so the action proceeded against the defendant Edson, alone. When the case came on to be heard, defendant moved to strike out that part of the petition which recited the proceedings before the notary public, and his motion was sustained. He thereupon filed a general demurrer to the petition, which was also sustained. The plaintiffs elected to stand on their petition, and a judgment of dismissal was entered against them, from which they prosecuted this proceeding in error.

It is contended that the court erred in sustaining de-

fendant's motion to strike, for the reason that the matter stricken from the petition was necessary to show malice, and that it was referred to later on in the pleading as having been substantially stated to the defendant in the plaintiffs' objections to being sworn. In our view of the case it is unnecessary to determine this question.

It is also contended that the court erred in sustaining the demurrer to the petition and in dismissing the action, and this assignment of error is the vital question presented for our consideration. If the petition stated a cause of action before the motion to strike was sustained, it was error to sustain said motion. On the other hand, if the petition did not state facts sufficient to constitute a cause of action, then the ruling on the motion was error without prejudice. We will therefore examine the petition as it was filed, and determine whether or not it stated a cause of action. It will be observed that the gravamen of the plaintiffs' petition was the act of the alleged illegal or false imprisonment on the part of the defendant Edson. It may be stated at the outset that, in order to state a cause of action in such a case, the petition must allege facts, not the conclusions of the pleader, from which it clearly appears that the officer acted without jurisdiction, or that the evidence sought to be elicited from the witness was of such a character as would justify him in refusing to testify. It is a familiar rule that a judicial officer, whether of a court of limited or general jurisdiction, is not liable in a civil action for acts performed in his judicial capacity, if he has acquired and does not exceed the jurisdiction conferred on him by law. He is not liable for a mere error of judgment while acting within his jurisdiction, but he is not protected if he assumes to act beyond the scope of his authority. *Atwood v. Atwater*, 43 Neb. 147.

Section 373 of the code expressly confers jurisdiction upon probate judges to take depositions. By law, the defendant had the same power and jurisdiction in that behalf that is conferred by the statute on a notary public. He therefore had jurisdiction of the subject matter, to wit, the

taking of the plaintiffs' depositions. As such officer he had the power, when the proper notice was produced and delivered to him, showing due and legal service thereof requiring the plaintiffs to appear before him and give their evidence in the form of a deposition, to issue his subpœna demanding their attendance at the time and place specified in said notice. This the petition alleges was regularly done. It is stated therein that when the plaintiffs appeared before the defendant as such officer, they refused to be sworn or testify. The excuse given for such refusal was that they were husband and wife, and as such could not be compelled to be witnesses one against the other. It was further claimed that the facts authorizing the taking of their depositions did not exist. It appears from the petition that the action in which they were required to testify was one against themselves and a codefendant of the name of Adelbert I. Walker, as administrator of the estate of one Allen T. Ayers, deceased. It is not alleged that the evidence sought to be elicited from them and preserved in the form of depositions was not against their codefendant, or was evidence sought to be elicited from one of the plaintiffs against the other. The proper and orderly thing for them to have done was to have taken the oath as witnesses and if, by the questions propounded, it appeared that the answers would constitute evidence by the one against the other, to have then made the proper objections which, undoubtedly, would have been sustained. The plaintiffs had been duly served with a summons in the case in which it was sought to take their evidence; notice of the time and place for taking their depositions had been regularly served and returned to the officer before whom they were to be taken, and the plaintiffs as the witnesses named in such notice were regularly before him at the appointed time and place. In short, all the steps essential to confer jurisdiction on the defendant as such officer to take their depositions had been duly taken. Plaintiffs' contention that such jurisdiction was ousted by a showing that none of the grounds enumerated in section 372 of the code for using

the depositions on the trial of the case existed at the time
it was sought to take them, is untenable.  That section is
not a limitation on the right to take depositions, but on
the right to use them on the trial of the case; that it is
not essential that the reasons which permit their use at
the trial should exist when they are taken, is obvious from
the fact that one of such reasons is, that the witness is
dead.  As bearing on this point see *Wehrs v. State,* 132
Ind. 157, 31 N. E. 779; *In re Abcles,* 12 Kan. 451.  That
the witnesses were parties to the action in which the deposi-
tions were sought to be taken does not strengthen the
plaintiffs' case, but rather weakens it, when it is remem-
bered that taking the depositions of a party is the only
substitute we have for a bill of discovery under our prac-
tice.  Besides, so far as giving testimony is concerned, par-
ties to the action are on precisely the same footing as other
witnesses.    Neither was the jurisdiction of the officer
ousted by showing that the witnesses were husband and
wife, and that the depositions were for use in an action to
which they were both parties.  It is true, generally speak-
ing, that the husband can not be a witness against the wife,
nor the wife against the husband, but each may be called
as a witness for or against himself or herself; and it may
have been the intention of the party taking the depositions
to use such evidence against the party giving it alone.
No presumption arises from the facts presented by the
petition that it was the intention of the party seeking to
take the depositions to use the evidence of either of the
witnesses against the other.  The officer having jurisdiction
of the subject matter and of the parties, had full authority
to commit the plaintiffs for their refusal to be sworn and
give testimony.  *Dogge v. State,* 21 Neb. 272; *In re Abcles,
supra.*

It follows that the petition did not state facts sufficient
to constitute a cause of action, and the demurrer thereto
was properly sustained.  This view of the case renders it
unnecessary for us to pass on the ruling of the trial court
on the motion to strike.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.