JAMES M. WECKERLY, APPELLEE, v. CADET TAYLOR ET AL., APPELLANTS.

FILED OCTOBER 19, 1905. No. 13,941.

Witnesses: COMPETENCY. In an action against a married woman, where the proceeding is adversary, her husband is not a competent witness against her, and a judgment against her in such proceeding, unsupported by competent evidence other than that of the husband, where the evidence of the husband was received over the objection of the wife, will be reversed.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*G. W. Shields* and *Greene, Breckenridge & Kinsler,* for appellants.

*A. C. Wakeley, contra.*

JACKSON, C.

On February 20, 1904, James M. Weckerly, appellee herein, filed a petition in the district court for Douglas county against Cadet Taylor, Emma L. Taylor and the Employers Liability Assurance Corporation, appellants herein. Omitting the formal parts of the petition, it was alleged, in substance, that on March 30, 1901, the plaintiff

recovered a judgment against the defendant, Cadet Taylor, upon which there was then due $1,808.79; that execution had been issued and returned unsatisfied as to the amount stated; that the judgment debtors were insolvent and unable to pay their debts; that on the 15th day of May, 1903, the defendant, Cadet Taylor, purchased and received from the defendant, the Employers Liability Assurance Corporation, a certain combination policy of accident insurance in the principal sum of $10,000; that on July 7, 1903, while the policy was in force, Taylor sustained an accident, and thereby became entitled to receive from said company a money indemnity of $50 a week, weekly, so long as he should be incapacitated or disabled from carrying on his customary avocation; that from the time of the accident he had been, and then was, prevented from transacting his regular business by reason of such accident, and was entitled to receive the sum of $50 weekly from the time of the accident, and would be entitled to receive the same during the continuance of his disability; that Taylor had fully complied with and performed all the conditions, stipulations and requirements of the policy, but that the insurance company had not yet paid him any of the indemnity, and was then owing the same; that the company had the said indemnity in its possession, but that Taylor, in order to hinder, delay and defraud his creditors, and especially the plaintiff, had, without consideration, pretended to assign and transfer his rights under the policy and the moneys due him thereunder to his wife, Emma L. Taylor, and had executed what purported to be such a conveyance; that said pretended assignment was void, and that said money in fact belonged to the said Cadet Taylor. The prayer of the petition was that the said assignment might be decreed to be without consideration, and for the purpose of hindering, delaying and defrauding the plaintiff in the collection of his said judgment; that it might be decreed that the insurance company held said moneys in trust for the said Taylor, and that such moneys should, by the order of the court, be paid over and de-

livered to the plaintiff to be applied toward the payment of
the judgment. The defendants, Cadet Taylor and Emma
L. Taylor, answered, denying such allegations of the peti-
tion as were not specifically admitted. It was alleged
that, if Cadet Taylor had any interest in the policy of
insurance, he had assigned the same to the said Emma
L. Taylor. It was further alleged that the policy of in-
surance was, by agreement between the defendants, en-
tirely for the benefit of the defendant, Emma L. Taylor,
and that she paid the premium therefor out of her own
money, and that no part of said transaction tended to
hinder, delay or defraud any creditor of the said Cadet
Taylor, and that it was not intended for any such purpose.
It was further alleged that the said Cadet Taylor had no
interest in the proceeds of the policy or in any amount of
money that is due, or may become due, upon the policy.
The Employers Liability Assurance Corporation answered
separately, denying such allegations in the petition as were
not specifically admitted. By its answer it was admitted
that Taylor was insured under a policy of accident in-
surance; that Taylor had made no claim under said policy
against the company in writing, or otherwise, as required
by the terms of the policy, and that it had never been in-
formed of the extent of his claim, if he had such claim.
It neither admitted nor denied that it was indebted to
Taylor, and submitted that it was not obliged to litigate
the issues of liability, if any arise, between it and Taylor
in that suit. There was a trial to the court, resulting in
a finding for the plaintiff and against the Employers Lia-
bility Assurance Corporation for the sum of $1,250. The
defendants have brought the case to this court for review.

At the trial the defendant, Cadet Taylor, was called
and sworn as a witness in behalf of the plaintiff, and, over
the objection of the defendant, Emma L. Taylor, that he
was not a competent witness as against her, because of the
relationship of husband and wife, was permitted to testify
as to the judgment having been obtained against him in
favor of the appellee; as to the character of the business

which he conducted; that he was the Cadet Taylor named in the policy of insurance; that he sustained an injury in a railroad accident, and the particulars of the accident; as to his being incapacitated on account of the injury, and the length of time during which he was so incapacitated; in fact, to all of the facts and circumstances shown at the trial tending to establish a liability in his favor and against the insurance company. And over the same objections he was permitted to testify as to the circumstances of the assignment of his interest in the policy to his wife, and the fact that no consideration was paid therefor. Without his testimony the record, as it stands, would not sustain the judgment rendered in the trial court. The appellee seeks to justify the admission of the husband's testimony on the assumption that, in an action by the wife against the company on the policy, the testimony solicited would be favorable to her interests, and that he was not, therefore, an incompetent witness in this action. We think, however, the true test is whether the proceeding in its character is an adversary one, and, if the interest of the party litigant who seeks to produce the husband's testimony is antagonistic to that of the wife, the husband should be held to be an incompetent witness in behalf of the antagonist. In this case the husband and wife are codefendants. The wife seeks no affirmative relief. Her position is purely defensive, and to hold that the husband, over the objection of the wife, should be permitted to testify against her in such a proceeding would do violence to both the letter and the spirit of the statute. Having reached that conclusion, it follows that the judgment cannot be sustained.

We recommend that the judgment of the district court be reversed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.