In re KESSLER.

(District Court, E. D. Pennsylvania. July 30, 1915.)

No. 5155.

COURTS ⬤═376—PRACTICE IN FEDERAL COURT—STATE LAW—EXAMINATION OF BANKRUPT'S WIFE.

 Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, § 21a, as amended in 1903 (Act Feb. 5, 1903, c. 487, § 7, 32 Stat. 798 [Comp. St. 1913, § 9605]), declares that a court of bankruptcy may by order require a bankrupt and his wife to appear in court or before a referee to be examined concerning the acts, conduct, or property of the bankrupt, but that the wife may be examined only touching business transacted by her or to which she is a party. Act June 29, 1906, c. 3608, 34 Stat. 618, amending Rev. St. § 858 (Comp. St. 1913, § 1464), declares that the competency of a witness to testify in any civil action shall be determined by the laws of the state or territory in which court is held. Act Pa. May 23, 1887, § 5 (P. L. 159), declares that neither husband nor wife shall be competent to testify against each other, except in proceedings for divorce. *Held* that, in a proceeding in bankruptcy in the state of Pennsylvania, the bankrupt's wife could not be examined.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. § 984; Dec. Dig. ⬤═376.]

In Bankruptcy. In the matter of Samuel Kessler, a bankrupt. On a certificate to review an order of the referee requiring Rose Kessler to show cause why she should not be held in contempt for refusing to testify. Order to show cause vacated.

Nathaniel I. S. Goldman and J. Howard Reber, both of Philadelphia, Pa., for trustee.

Alfred Aarons, of Philadelphia, Pa., for respondent.

THOMPSON, District Judge. Upon the certificate of the referee that Rose Kessler, wife of the bankrupt, being called before him as a witness, refused to answer questions in the course of the proceedings upon the ground that her answers might tend to incriminate her, an order was entered requiring her to show cause why she should not be held in contempt. The proceedings before the referee were based upon a petition of the trustee for an order upon the bankrupt to turn over assets alleged to be withheld from his trustee, and the wife was called under the provisions of section 21a of the Bankruptcy Act, providing as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt *and his wife* to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act: *Provided, that the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt.*"

The underscored words were added to the section by the amendatory Act of 1903. The words "who is a competent witness under the laws of the state in which the proceedings are pending," which occurred in

the original act, immediately after the words "including the bankrupt," were stricken out in the amendatory act. Prior to the amendment of 1903, therefore, if the wife of the bankrupt was not a competent witness against her husband under the laws of the state in which the proceedings were pending, she could not testify against him in those proceedings. In re Jefferson (D. C.) 96 Fed. 826; In re Mayer (D. C.) 97 Fed. 328.

After the amendment of 1903, the wife was a competent witness, within the limitations expressed in the proviso and subject to the general provisions as to competency of witnesses prescribed by Congress by the provisions of section 858 of the Revised Statutes. Since the amendment of 1903, however, Act June 29, 1906, 34 Stat. 618, has been passed, amending section 858 of the Revised Statutes, so that the section now reads:

"The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the state or territory in which the court is held."

A proceeding in bankruptcy is unquestionably a civil action, suit, or proceeding, and the competency of the wife to testify in a bankruptcy proceeding against her husband in this district is therefore to be determined by the laws of the state of Pennsylvania. The Pennsylvania Act of May 23, 1887, § 5 (P. L. 159), provides:

"(c) Nor shall husband and wife be competent or permitted to testify against each other, except in those proceedings for divorce in which personal service of the subpœna or of a rule to take depositions has been made upon the opposite party, or in which the opposite party appears and defends, in which case either may testify fully against the other, and except also that in any proceeding for divorce either party may be called merely to prove the fact of marriage."

Applying the act of 1906 to the Pennsylvania act of 1887, it follows that the respondent is incompetent, and cannot be permitted to testify against her husband in a civil proceeding under the Bankruptcy Act. Judge Rellstab, in the district of New Jersey, has similarly interpreted the act of June 29, 1906, in the cases of In re Hoffman (D. C.) 28 Am. Bankr. Rep. 680, 199 Fed. 448, and In re Thompson (D. C.) 28 Am. Bankr. Rep. 794, 197 Fed. 681.

The respondent, therefore, cannot be held in contempt for refusing to testify before the referee, and the order to show cause is vacated.