## GILL v. WHITE.

(Circuit Court of Appeals, Ninth Circuit. April 1; 1918.)

No. 2999.

BANKRUPTCY ⬤⥱407(3)—DISCHARGE—GROUNDS FOR DENIAL.

     That the bankrupt fraudulently transferred property more than four months prior to the filing of the petition is no ground for opposing his discharge.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

In the matter of the bankruptcy of Fillmore White. The specifications of objections to the discharge filed by Eva May Gill were overruled, and the discharge granted, and the objector appeals. Affirmed.

Robert H. Countryman, of San Francisco, Cal., for appellant.

Reuben G. Hunt, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellee, who was a bankrupt, petitioned for his discharge. The appellant filed specifications of objection to the discharge. The objections were overruled, and the bankrupt was granted a discharge. The appellant assigns error to the refusal of the referee to permit the appellant to call the bankrupt's wife as a witness on the hearing of the specifications of objection. The referee's ruling was based on the amendment of June 29, 1906 (34 Stat. 618, c. 3608), to section 858 of the Revised Statutes (Comp. St. 1916, § 1464), as construed in In re Kessler (D. C.) 225 Fed. 394, and upon subdivision 1 of section 1881 of the Code of Civil Procedure of California, which provides, with certain exceptions, that a husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband, without his consent. The District Court affirmed the ruling of the referee on the ground that the alleged fraudulent transfer of property, concerning which the appellant wished to elicit the testimony of the bankrupt's wife, occurred more than four months prior to the filing of the petition in bankruptcy, and therefore was not ground for opposing the discharge of the bankrupt.

Agreeing to that conclusion, we affirm the order of the court below.