TINA STALCUP ET AL. v. LAWRENCE P. JEPSEN ET AL.

FILED MARCH 16, 1929. No. 26446.

*Sterling F. Mutz,* for plaintiffs in error.

*C. J. Campbell, F. B. Baylor* and *Harry R. Ankeny,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and HASTINGS and REDICK, District Judges.

REDICK, District Judge.

Elmer T. Stalcup and Tina Stalcup are husband and wife. Lawrence P. Jepsen obtained a judgment against Elmer T. Stalcup, issued an execution thereon, which was returned unsatisfied, and instituted proceedings in aid of execution wherein a referee was appointed by the court to take testimony and report the facts. After an extended examination of the husband, his wife, Tina Stalcup, was called to testify before the referee and was asked a number of questions as to her indebtedness to her husband and whether or not she had under her control personal property and real estate which in truth and in fact be-

longed to him. Objection was made by counsel on behalf of both husband and wife to the reception of such testimony, on the ground that the wife was not a competent witness against her husband in the case, and that communications between husband and wife were privileged. The objections were overruled by the referee, and, upon advice of her counsel, Tina Stalcup refused to answer. The facts were reported to the district court and an order was made and served upon Tina Stalcup to show cause why she should not be punished for contempt for refusing to answer the questions, and the court, being of opinion that sufficient cause had not been shown, adjudged her guilty of contempt, imposed a fine of $10 and costs upon her, and directed that she be committed until she answered the questions. Tina Stalcup and her husband filed a petition in error in this court to review the order of commitment for contempt.

A number of questions of procedure are discussed in the briefs, but in our view there is but one question necessary to be determined, and that is the competency of the wife as a witness in proceedings in aid of execution upon a judgment against the husband, where it is sought to prove by her testimony that she has property of the husband under her control which had been conveyed to her in fraud of the husband's creditors, or whether she was indebted to her husband. The question involves the proper construction of section 8837, Comp. St. 1922, as follows:

"The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other; Provided, however, the wife shall be a competent witness against the husband in all prosecutions arising under section thirty-nine of the Criminal Code (9584)."

We think the question cannot be considered an open one in this state. In *Weckerly v. Taylor*, 74 Neb. 772, an

action was brought by a judgment creditor of the husband against the husband and wife and an insurance company to compel the application of the sum of $1,250, claimed by the creditor to be due the judgment debtor from the insurance company as a weekly indemnity, but which had been assigned by the husband to the wife, and it was held that the husband was an incompetent witness in that action. Now, this case is not decisive because the wife was claiming under the assignment, and by the husband's testimony it was sought to defeat the assignment, and therefore his evidence would be clearly against his wife, but it was said: "The appellee seeks to justify the admission of the husband's testimony on the assumption that, in an action by the wife against the company on the policy, the testimony solicited would be favorable to her interests, and that he was not, therefore, an incompetent witness in this action. We think, however, the true test is whether the proceeding in its character is an adversary one, and, if the interest of the party litigant who seeks to produce the husband's testimony is antagonistic to that of the wife, the husband should be held to be an incompetent witness in behalf of the antagonist." This language is applicable to the present case in that the judgment creditor is the antagonist of the husband, and testimony of the wife in his favor would be necessarily against the husband.

However, in *Niland v. Kalish*, 37 Neb. 47, it was held, under the provision of section 331 of the Code of Civil Procedure (section 8837, *supra*) : "A wife, over her husband's objection, cannot be required to testify as to facts which, it is claimed by the adverse party, would show that a transfer of property from her husband to herself was fraudulent. Neither can the husband under like circumstances be compelled to testify against his wife." That was an action in the nature of a creditor's bill to set aside the title of the wife to certain real properties conveyed to her by her husband as having been made in fraud of creditors. It was offered to show by the wife that the real estate in question had been bought with funds belonging to the hus-

band, and it was held that she was an incompetent witness for that purpose. It was claimed in that case that evidence that the husband was the owner of the real estate was evidence in his favor rather than against him, and substantially the same contention is made here, but the court said: "Such a construction, however, savors too much of casuistry and cannot be accepted as the sense in which the offer was made and insisted upon, for this whole proceeding was on the theory that Solomon had no property whatever, and plaintiffs could hardly be suspected of the inconsistent attempt to establish in Solomon's favor a basis for credits."

If this were a proceeding on a creditor's bill against the husband or wife for the purpose of subjecting property in the name of and under the control of the wife to the payment of the judgment against the husband, the case of *Niland v. Kalish, supra,* would be directly in point, and there would be no question but that the wife would be an incompetent witness as to the matters here sought to be elicited. What difference does it make that the proceeding is one in aid of execution? These proceedings are generally considered as a substitute for a bill of discovery, and the power of the court is ample to order the application of any property, revealed by the investigation, to the satisfaction of the judgment. It does not supersede the remedy by creditor's bill, but may become the foundation for such proceeding. The purpose of both proceedings is substantially the same—to establish a fraudulent holding by the wife. If the wife is an incompetent witness in the latter action, it would seem to follow that she is incompetent in these proceedings. Her testimony here could not be received in a subsequent proceeding, and therefore would be valueless.

It is argued, however, that the husband is not a party to these proceedings, and has no interest therein. To this we cannot assent. The proceedings are in the same case in which the judgment was rendered, he is a party throughout the proceeding, and is interested to the extent of the

charges of fraud against him. *In re Mayer*, 97 Fed. 328 (bankruptcy). He is also interested to the extent of a husband's interest in his wife's property, which would be destroyed if the property is taken away from her. It is further argued that the testimony of the wife would be against herself only, and not against her husband, as he had parted with all his interest to her, but we think this is answered by the suggestion above, that her testimony was expected to be in favor of the husband's antagonist and therefore against him. *De Farges v. Ryland & Brooks*, 87 Va. 404.

A number of cases from other jurisdictions have been cited by defendant in error as sustaining his contentions and position in this case, to wit: *Frankenthal v. Solomonson*, 20 Wash. 460; *Petition of Mary J. O'Brien*, 24 Wis. 547; *Thompson v. Silvers & Hoffman*, 59 Ia. 670; *Jacobsen v. Andrews*, 45 S. Dak. 490. But we are not thereby persuaded to change our views expressed in the case of *Niland v. Kalish, supra*. In addition, defendant in error cites *Olmsted v. Edson*, 71 Neb. 17, to the proposition that, "even if the testimony of plaintiff in error in the supplemental proceedings be viewed in the nature of a deposition for discovery in an action against herself and husband, she was a competent witness." The case does not bear him out. The case was by husband and wife for false imprisonment. Their depositions were sought to be taken by plaintiff in another action in which the husband and wife and another were defendants. They refused to be sworn on the ground that they were husband and wife and were not competent witnesses against each other. The court said: "It is not alleged that the evidence sought to be elicited from them and preserved in the form of depositions was not against their codefendant or was evidence sought to be elicited from one of the plaintiffs against the other. The proper and orderly thing for them to have done was to have taken the oath as witnesses and if, by the questions propounded, it appeared that the answers would constitute evidence by the one against the other, to have

then made the proper objections, which, undoubtedly, would have been sustained." It thus appears that the husband and wife were on the same side of the case, it did not appear that the evidence sought was against them or either of them, and the only question decided was that they were not justified in refusing to be sworn.

The view we have taken of the incompetency of the wife in this case is supported by *Berles v. Adsit*, 102 Mich. 495, which was a garnishment proceeding, and the wife was held incompetent to testify as garnishee. Also *DeFarges v. Ryland & Brooks*, 87 Va. 404; *In re Kessler*, 225 Fed. 394; *In re Mayer*, 97 Fed. 328.

The cases cited by defendant in error from other jurisdictions, we think, place too much stress upon the question whether or not the husband is a party to the particular proceedings in which the testimony of the wife is sought to be elicited. It was held in *Stocker v. Stocker*, 112 Neb. 565, that sections 8835 and 8838, Comp. St. 1922, providing that neither husband nor wife can be examined in any case as to any communication made by one to the other while married, were enacted for the purpose of affording protection to the marital relation, to foster mutual confidence between husband and wife, and to prevent the disclosure of any confidential communication from one to the other. The same language is applicable to the enactment under consideration. Such enactments are based upon a sound public policy for the preservation of the home and domestic peace therein. And while in some quarters there seems to be a disposition to consider lightly the institution of marriage and the obligations arising out of it, we think we are safe in declaring that the vast majority still cling to the old-fashioned conception of the marriage relation as the foundation of our social fabric, and that laws enacted for the purpose of preserving that institution in all its pristine importance are to be looked upon with favor by the courts and interpreted in the sense required by the public policy which dictated their enactment.

We are of the opinion that the wife was an incompetent witness in the proceedings before the referee, and that her objection and that of her husband should have been sustained. The judgment of the district court is reversed and proceedings for contempt dismissed.

REVERSED AND DISMISSED.