## In re COHN.
### No. 9362.

District Court, E. D. Michigan, S. D.
Dec. 28, 1929.

Rosenberg & Metzger and Irwin I. Cohn, all of Detroit, Mich., for bankrupt.

Lovett & Orr, of Detroit, Mich., for objecting creditors.

SIMONS, District Judge.

This cause is now before the court upon review of an order to show cause as to why the wife of the bankrupt should not be examined under section 21a (11 USCA § 44(a). It was early decided in this court, Judge Swan presiding, that the competency of witnesses under the Bankruptcy Act is not affected by the state statute. Smith v. Township of Au Gres (C. C. A.) 150 F. 263, 9 L. R. A. (N. S.) 876. In this opinion Judge Swan was affirmed by the Circuit Court of Appeals of the Sixth Circuit. Same citation.

The question remaining is as to whether the specific language of section 21a, which permits the examination of the bankrupt's wife upon certain specific subject matter, is repealed by section 858, Rev. St., of the amendment of June 29, 1906 (28 USCA § 631), which provides, among other things, that in civil cases the laws of the state in which action is held with reference to witnesses shall control.

It is perfectly competent, of course, for the Congress to adopt the rules of competency applied in the state courts, just as in the Conformity Act (28 USCA § 724) it adopted the procedure, as near as may be, of the state in which the case is tried. I think, however, that it is perfectly plain that the general provision of section 858, Rev. St., of the amendment of June 29, 1906, does not repeal or amend the specific provisions regarding the examination of the wife under section 21a within the limits there provided. In re Kessler (D. C.) 225 F. 394, 35 A. B. R. 30, to the contrary notwithstanding. The specific provisions of the statute must control.