## COMMERCIAL CREDIT CO. v. McREYNOLDS.

### No. 5923.

Court of Appeals of the District of Columbia.

Argued Dec. 6, 1933.

Decided Jan. 15, 1934.

Arthur J. Hilland, of Washington, D. C., for appellant.

G. A. Berry and Joseph J. Malloy, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The appellant on February 23, 1932, recovered a judgment at law against Joseph McReynolds by consideration of the Supreme Court of the District of Columbia, in the sum of $19,307.17; and on December 2, 1932, a writ of attachment was issued upon the judgment, and also a notice of garnishment to be served upon Ellen T. McReynolds, wife of the judgment debtor, notifying her that any property or credits of the defendant, Joseph McReynolds, in her hands, were seized by virtue of the writ of attachment, and requiring her to appear in court, on or before the tenth day after service of the notice upon her, and show cause, if any there be, why the property or credits so attached should not be condemned and execution thereof had.

The following written interrogatories were attached to the writ of garnishment, to be answered under oath:

"(1) Were you at the time of the service of the writ of attachment, served herewith, or have you been, between the time of such service and the filing of your answer to this interrogatory, indebted to the defendant? If so, how, and in what amount? Answer. ———.

"(2) Had you, at the time of the service of the writ of attachment, served herewith, or have you had, between the time of such service and the filing of your answer to this interrogatory, any goods, chattels, or credits of the defendant in your possession or charge? If so, what? Answer. ———.

"(3) Are you receiving the rents and profits of premises 1517 and 1519 Seventeenth Street, N. W., either directly from the tenants or through Randall H. Hagner & Co., rental agent, and if so, what amount have you received to date? Answer. ———."

Thereupon on December 7, 1932, a day less than ten days after service of the writ upon her, the garnishee, Ellen T. McReynolds, filed in the case a paper entitled "Objections to Interrogatories," reading as follows:

"Now comes Ellen T. McReynolds, garnishee, and wife of the defendant, Joseph McReynolds, in the above entitled cause, and says that she is advised by her counsel that she is not required to answer said interrogatories, or any of them contained in the attached notice of garnishment, for the following reasons:

"(1) That to require her to answer said interrogatories, or any of them, would be tantamount to compelling her to testify against her husband, the defendant Joseph McReynolds.

"(2) That to require her to make answer to said interrogatories, or any of them, would make it necessary for her to disclose and set forth confidential relations between herself and her said husband, in violation of sections 1068 and 1069 of the Code of Laws of the District of Columbia (D. C. Code 1929, T. 9, §§ 13, 14).

"(3) That said third interrogatory is vague, indefinite, improper, irrelevant, and immaterial.

"(4) That the rents and profits of premises 1517 and 1519 17th Street, are not subject to garnishment."

Afterwards on December 16, 1932, the appellant filed in court a motion for judgment against the garnishee, Ellen T. McReynolds, for the full amount of the plaintiff's judgment recovered against Joseph McReynolds and for execution thereon, and as grounds therefor alleged that the garnishee had failed to answer the interrogatories served upon her, and had failed to show cause why a judgment of condemnation should not be entered against her.

The court, however, sustained the objections filed by the garnishee to the interrogatories, and accordingly denied the motion of appellant for judgment, whereupon the present appeal was taken.

Appellant contends that under section 1098, D. C. Code (D. C. Code 1929, T. 24, § 295) the garnishee was under a legal obligation to answer the interrogatories addressed to her in the writ, and that inasmuch as she had failed to do so, or to appear and show cause why a judgment of condemnation should not be entered against her, it was error for the lower court to refuse to enter judgment against her for the whole amount of the plaintiff's judgment and costs.

▮▮ In our opinion the decision of the lower court was right.

Section 1068 of the Code of the District of Columbia (D. C. Code 1929, T. 9, § 13) reads as follows:

"*Husband and Wife.*—In both civil and criminal proceedings, husband and wife shall be competent, but not compellable to testify for or against each other."

The provisions of this section apply to all proceedings wherein it is sought to compel the testimony of the husband or wife for or against one another, including bills of discovery, interrogatories in garnishment, and like proceedings.

The attachment and garnishment processes whereby the appellant sought in this proceeding to subject such property of the judgment debtor as might be in the possession of the garnishee to the payment of the judgment, constituted "proceedings" within the purview of the statute. They differ in form, but not in effect from a bill for a discovery or a creditor's bill in aid of execution for the collection of a judgment at law. Moreover, taking the case as a whole, both the judgment debtor and his wife were proceeded against for the collection of the judgment.

In the case of Berles v. Adsit, 102 Mich. 495, 60 N. W. 967, it appears that the statutes of Michigan provide that "a husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent." It was held by the court that a wife, when garnisheed in a suit against her husband, cannot, without his consent, be examined as to transfers of property made to her by her husband.

In Stalcup v. Jepsen, 118 Neb. 240, 224 N. W. 16, 17, it appears that the statutes of Nebraska provided that "the husband can in no case be a witness against the wife, nor the wife against the husband. * * *" It was held by the court that in proceedings in aid of execution upon a judgment against the husband, the wife is an incompetent witness for the judgment creditor for the purpose of showing that she has in her possession and control money or property of the husband which should be applied upon the judgment.

In McGrew v. McGrew, 54 App. D. C. 331, 298 F. 204, the plaintiff brought suit against a judgment debtor and his wife, seeking a sale of property the legal title of which was in the judgment debtor's wife, in aid of execution of the judgment. We held that the plaintiff could not compel the defendants to answer interrogatories as to the property filed with the bill, as there could be no discovery by such means, and the answers would serve the same purpose as if the defendants were called as witnesses in open court, and were compelled unwillingly to testify for or against one another. In other words the disclosure thus introduced in the record would amount to testimony given in the case, and thus the appellant would succeed indirectly in compelling the defendants to testify for or against one another, notwithstanding the express provisions of the statute that husband and wife shall not be compelled to testify in such instance.

In De Farges v. Ryland, 87 Va. 404, 12 S. E. 805, 24 Am. St. Rep. 659, a bill was filed by a judgment creditor against the appellants,

who were husband and wife, to set aside a trust deed made by the husband to a trustee of property to be held in trust for the benefit of the wife. It was held by the court that in view of the relationship of husband and wife it was incompetent to compel either to testify as a witness in the case against the other. See, also, In re Kessler (D. C.) 225 F. 394; In re Mayer (D. C.) 97 F. 328; Lloyd v. Royal Union Mut. Life Ins. Co. (D. C.) 245 F. 162; New York Life Ins. Co. v. Mason (C. C.) 272 F. 28.

In our opinion therefore the decision of the lower court should be and it hereby is affirmed with costs.