EDWARD FORMAN, APPELLEE, V. EARL ANDERSEN, APPELLEE, BARBARA FORMAN, APPELLANT.

149 N. W. 2d 525

Filed March 24, 1967. No. 36437.

Robert M. Snell, for appellant.

Lyle Winkle, for appellee Forman.

Ray C. Simmons, for appellee Andersen.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

Appellant Barbara Forman, wife of plaintiff in this action, refused to answer any questions when her deposi-

tion was attempted to be taken by the defendant. She was fined for contempt and appeals. We affirm the judgment.

Plaintiff husband's action is for damages for loss of services of his wife, property damage, and expenses growing out of an automobile accident in which it is alleged that appellant wife Barbara Forman was the operator of an automobile owned by plaintiff and involved in a collision with defendant's vehicle.

Section 25-1267.02, R. R. S. 1943, provides that a deponent may be examined regarding any matter, *not privileged*, which is relevant to the subject matter involved. Both plaintiff and appellant objected to the taking of her deposition and to all questions propounded, and appellant refused to answer. Was she entitled to refuse to appear as a witness or answer any questions because of privilege?

At the outset we should distinguish between her marital disqualification or competency as a witness and the right to not be examined as to any privileged communication between husband and wife. Section 25-1204, R. R. S. 1943, governs the latter and prohibits the examination of a spouse as to any communication between husband and wife while married. No question arises in this case as to the application of this statute. No issue is raised as to any examination as to confidential communication between appellant as a spouse witness and her husband as a party plaintiff. Her assertion is that she may not be examined at all and is incompetent to testify. This is based primarily on the statute, section 25-1203, R. R. S. 1943, and our holdings thereunder. See, Stalcup v Jepsen, 118 Neb. 240, 224 N. W. 16; Niland v. Kalish, 37 Neb. 47, 55 N. W. 295; Olmsted v. Edson, 71 Neb. 17, 98 N. W. 415. Prior to 1925 the statute, section 8837, Comp. St. 1922, provided: "The husband can in no case be a witness against the wife, nor the wife against the husband, except * * *." None of the exceptions were applicable

in this case. However in Laws 1925, c. 75, § 1, p. 236, and Laws 1943, c. 43, § 1, p. 188, the exceptions were expanded and the law now provides: "Either (husband or wife) may be a witness against the other in any action brought by either husband or wife *against a third person,* relating to the marriage relationship between such husband and wife, *or the interruption of or interference with* such relationship, * * *." § 25-1203, R. R. S. 1943. (Emphasis supplied.) Plaintiff's allegations as to loss of consortium and loss of services in this case place directly in issue an alleged tortious destruction and interference with an essential part of his marital relationship, the services of his wife. The statute, by creating this further exception, has opened up this area of the husband-wife relationship for full exploration on trial and on discovery proceedings in the interests of justice. To permit parties to allege and prove damages to such a relationship and prohibit a third party defendant from proving or exploring the nature or extent of it from an essential witness, the wife, would obviously be inequitable and unfair. A contrary holding in this case would permit the plaintiff and appellant to claim the "privilege" of marital disqualification or incompetency up to the time of trial, and then waive it on trial when it served their best interests. We hold that appellant wife was a competent witness and neither she nor the plaintiff husband could claim the privilege of marital disqualification and refuse to testify on the taking of her deposition.

We point out that nothing that we have said herein permits the interrogation of the appellant as to any privileged communication between husband and wife which is specifically protected by the provisions of section 25-1204, R. R. S. 1943. The present posture of this case presents no issue of this nature.

The holding of the district court that appellant wife of plaintiff was a competent witness and could be examined under the provisions of the discovery statute, sec-

tion 25-1267.02, R. R. S. 1943, in this case, was correct and the judgment of contempt is affirmed.

AFFIRMED.