## McGREW et ux. v. McGREW.

(Court of Appeals of District of Columbia.　Submitted, March 3, 1924.
Decided April 7, 1924.)

### No. 4075.

Discovery ☞10—Spouse need not answer interrogatories, where answers would be in effect testimony against other spouse.

Plaintiff, in creditor's bill against judgment debtor and his wife, seeking sale of property the legal title of which was in judgment debtor's wife, cannot, under Supreme Court equity rule 58, compel defendants to answer interrogatories as to the property, as there can be no discovery by either spouse in relation to the defense of that one alone, and under Code D. C. § 1068, one spouse cannot be compelled to testify against the other.

Appeal from the Supreme Court of the District of Columbia.

Creditor's bill by Olive S. McGrew against John L. McGrew and wife. From an order overruling defendants' objections to special interrogatories and ordering defendants to answer them, defendants appeal. Reversed and remanded.

H. Prescott Gatley and Stanley D. Willis, both of Washington, D. C., for appellants.

Henry E. Davis, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice.　This is a special appeal from an interlocutory order of the Supreme Court of the District of Columbia, in a case wherein the present appellee, Olive S. McGrew, was plaintiff, and the appellants, John L. McGrew and Catherine D. McGrew, his wife, were defendants.

The bill was a judgment creditor's bill, wherein the plaintiff alleged that she had recovered a judgment for money against the defendant John L. McGrew; that it was yet unpaid; that a writ of execution had been issued and returned unsatisfied for want of goods whereon to levy; that his wife, Catherine D. McGrew, held the legal title to certain real estate within the District of Columbia, but that the title was held by her for his benefit, and that in equity he was the real owner thereof.　The plaintiff prayed that the estate be sold for the payment of her judgment.

The defendants separately answered, not denying the existence of the judgment debt, nor the legal estate of the wife in certain of the described property, but denying that the estate was held by her for the benefit of her husband, and denying that he possessed any interest whatsoever therein.

The plaintiff next filed certain written interrogatories, addressed severally to the defendants, demanding answers from each of them as to various evidentiary facts relating to their financial transactions and circumstances, all of which were alleged to be material to the support

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the plaintiff's cause. The defendants thereupon presented to the court their separate objections to the interrogatories, upon the ground, among others, that the effect thereof would be to compel the defendants unwillingly to testify as witnesses for or against one another in the case, whereas, being husband and wife, they were not compellable in law so to do. The trial court overruled the objections, and ordered the defendants severally to answer the interrogatories, from which order this special appeal was allowed.

The plaintiff, now the appellee, contends that the interrogatories are authorized by equity rule 58 of the Supreme Court of the District, reading in part as follows:

"The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer and not later than twenty-one days after the joinder of issue, and either party at any time thereafter, by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause. * * * Within ten days after the service of interrogatories objections to them, or any of them, may be presented to the court or justice * * * and answer shall be deferred until the objections are determined."

The defendants, now the appellants, base their objections to the interrogatories in part upon section 1068, D. C. Code, which reads as follows:

"Sec. 1068. *Husband and Wife.*—In both civil and criminal proceedings husband and wife shall be competent but not compellable to testify for or against each other."

In answer to these contentions it may first be noted that the issue in the case is one which affects the defendants jointly, and that it is not possible for the court to enter any decree in the case without at the same time deciding either for or against both of the defendants alike. Since there can be no severance of the issue as between the two defendants, it would be impossible to limit the effect of the answer of either one of them to the defense of that one alone. Therefore a disclosure of probative facts by one of them must necessarily tend for or against the defense of the other. This would serve the same purpose as if the defendants were called as witnesses, and were compelled unwillingly to testify for or against one another in the case. In other words, the disclosures by the defendants thus introduced into the record would amount pro tanto to their testimony as witnesses in the case. The plaintiff would thus succeed indirectly in compelling the defendants to testify for or against one another, notwithstanding the express provision of section 1068, supra, that husband and wife shall not be compellable so to testify. In view of the well-recognized public policy which underlies the foregoing enactment, it is safe to say that it should be enforced against indirect as well as against direct violation.

This view is in effect supported by the following extract from Corpus Juris, vol. 18, p. 1077, "Discovery":

"A defendant called upon to give discovery is substantially a witness, and, like any other witness, may decline to disclose matter which is privileged, such as matters involving the professional confidence existing between attorney and client or physician and patient, communications between husband

and wife, state secrets, matter tending to subject the party to a criminal prosecution, or to a penalty or forfeiture; and other privileged matters."

The appellee, however, relies as aforesaid upon rule 58 of the Supreme Court of the District, which permits either party to file interrogatories in writing for the discovery by the opposite party or parties of facts material to the support or defense of the cause, and urges that the interrogatories in question are directly authorized by that rule. Two answers to this contention, however, suggest themselves: First, the rule of court aforesaid, as interpreted by the appellee, would be in direct conflict with section 1068, D. C. Code, supra, and in case of such a conflict the legislative enactment must, of course, prevail over the rule of judicial procedure. And, second, a proper interpretation of the rule does not sustain the appellee's application thereof. It is true that, if taken literally, the rule would without restriction permit any plaintiff or defendant to file interrogatories in writing for the discovery by any opposite party or parties of all facts and documents material to the support or defense of the cause, for there is no exception or qualification expressed in the language of the rule itself. But plainly such an interpretation would be inadmissible, for, if interrogatories without limit or qualification were thereby permitted and enforced, the effect would be to abolish many restrictions which the laws of evidence have imposed upon the competency of witnesses and the admissibility of testimony. It is plain that rule 58 was not intended to override the existing rules of evidence relating to the competency of witnesses, but only to provide a method of procedure for the interrogation of competent parties within those rules.

We therefore conclude that the objections of the defendants to the interrogatories should have been sustained by the trial court. It is perhaps true that this result cannot wholly escape objection. It must be conceded that, if one spouse alone were sued in a proper case, the defendant could not refuse to answer competent interrogatories because the answer might incidentally affect the interests of the other spouse, not a party in the case. It may appear, therefore, that a plaintiff, who because of the nature of his case must sue husband and wife together, as in this case, would suffer injustice because of his inability to compel a discovery by either of them in relation to the defense of that one. But the answer to this is to be found in the fact that in the present case there can be no discovery by either spouse in relation to the defense of that one alone. And moreover, if one spouse were sued alone, the other could not be compelled, under section 1068, supra, to testify for or against the impleaded one. Therefore, notwithstanding an appearance of hardship, the case must be governed by the statute, under which it comes both in letter and spirit.

This view makes it unnecessary to discuss the several other questions raised by the appellants in the case. The interlocutory order entered by the lower court, overruling the objections of the defendants to the interrogatories, is accordingly reversed, with costs, and the cause is remanded.