# United States Circle Swing Company *v.* Reynolds, Appellant.

224   577
41SC²193

*Replevin—Parties—Intervention—Trial—Pleading.*

1. Where in an action of replevin by a corporation against two defendants, a third person intervenes, first claiming all of the property replevied, but subsequently claiming only a small portion which is conceded, and the defendants file only a plea to the effect that plaintiff is not a corporation, the trial court commits no error in directing the jury to be sworn as to the intervenor only, and in instructing the jury that no question of title is involved, and that their duty is simply to determine the value of the goods replevied. In such a case the plea filed by defendants was a plea in bar, and the case was therefore at issue only between the plaintiff and the intervenor. There was no verdict or judgment against the defendants and they had no standing to appeal.

*Corporations—Foreign corporations—Registration—Replevin—Act of April 22, 1874, P. L. 108.*

2. A foreign corporation need not be registered under the Act of April 22, 1874, P. L. 108, to enable it to maintain an action of replevin in this state to recover personal property which had been taken from it by one who had no contractual relation with the company.

*Practice, C. P.—Objectionable remarks of counsel—Discretion of court.*

3. A judgment will not be reversed because of alleged objectionable remarks of counsel, where it appears that the trial judge instructed the jury to disregard such remarks, and in his opinion refusing a new trial, states that he believes the jury were not influenced as to the amount of the verdict by the alleged offensive remarks.

Argued Feb. 24, 1909. Appeal, No. 7, Jan. T., 1909, by defendants, from judgment of C. P. Lackawanna Co., Sept. T., 1906, No. 196, on verdict for plaintiffs in case of United States Circle Swing Company v. Annette Reynolds and Arthur Frothingham, trading as the Rocky Glen Park Company, and W. B. Reynolds. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Replevin to recover an apparatus known as a circle swing. Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $3,350. Defendants appealed.

*Errors assigned* among others were as follows:

1. The learned court erred in not continuing the case and striking same from list; the motion, order and exception being as follows:

Now, October 2, 1908, come the defendants and move the court to strike the said case from the list for the reason that the said case was not at issue and settled for trial before the venire issued for the jury now in court, as required by the Act of April 14, 1834, P. L. 333, sec. 96.

Motion refused. Exception noted.

2. The learned court erred in directing the jury to be sworn as to William B. Reynolds only, the order and exceptions being as follows:

Now, October 2, 1908, on motion of attorneys for defendants an exception is noted and bill sealed to the action of the court in directing the jury to be sworn as to William B. Reynolds only, as defendant in this case, and not as to any other defendant.

3. The learned trial judge erred in allowing the jury to be sworn under the pleadings, the motion, order of court and exception being as follows:

Now, October 2, 1908, defendants object to the swearing of a jury in this case, for the reason that the case is not at issue as to all the parties of record; and further, that no replication has been filed to the plea of abatement filed by defendants, and no affidavit or defense or plea by the other defendants.

15. The learned court erred in its charge to the jury as follows, to wit:

This case, so far as your connection with it is concerned, is a very simple one; you have only to pass on one question of fact, and that is the value of the property described in the writ of replevin in this case.

18. The learned court erred in refusing the third point presented by the defendants.

The pleadings and the evidence in this case showing that the

plaintiff company was at one time a foreign corporation, and while being such foreign corporation did engage in business in the state of Pennsylvania and conducted and carried on said business for a period of a year or thereabouts in the operation, management and control of the property now sought to be replevied without having registered as required by the Act of April 22, 1874, P. L. 108, it is incapable of instituting or maintaining a suit in the state of Pennsylvania and cannot recover in this action. *Answer:* Refused.

22. The learned court erred in refusing to withdraw a juror and continue the case on motion of counsel for defendants based upon an affidavit of improper remarks by counsel for the plaintiffs to the jury, the affidavit, motion and ruling being as follows:

M. J. Martin, being duly sworn according to law, deposes and says that he is counsel for the defendants and that Clarence Balentine is counsel for the plaintiffs, and that while said Clarence Balentine was arguing the case to the jury he referred to the defendants' witnesses, Arthur Frothingham and Annette Reynolds, and stated to the jury that they "are a pair of unmitigated pirates."

There is no evidence in the case to warrant any such remark.

The defendants upon filing within affidavit move that a juror be withdrawn and the case continued on account of improper remarks by counsel to the jury.

Now, October 3, 1908, motion refused, exception noted.

*A. A. Vosburg,* and *M. J. Martin,* with them *C. W. Dawson,* for appellants.—The plea in abatement was properly filed, and was a preliminary matter to be passed upon: Seibert v. McHenry, 6 Watts, 301; Freeland v. Ins. Co., 49 Pa. 504.

In ejectment defendants may plead in abatement that the plaintiff is a fictitious person: Campbell v. Galbreath, 5 Watts, 423.

A plea in abatement was not abolished by the procedure act of 1887: Virtue v. Ioka Tribe, 5 Pa. Dist. Rep. 634; Sheetz v. Ry. Co., 25 Pa. C. C. Rep. 177.

The eighteenth assignment of error questions the ruling of the court as to the right of the plaintiffs, as a foreign corporation, to enforce a contract in this state without having registered under the provisions of the Act of April 22, 1874, P. L. 108.

Such registration is a condition precedent to the lawful transaction of business in this commonwealth, and a foreign corporation must show, as a part of its case, that it has complied with the act: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Travellers' Ins. Co. v. Heath, 95 Pa. 333; Lasher v. Stimson, 145 Pa. 30.

We contend that the abusive and unwarranted remarks of counsel for plaintiffs, in his closing address to the jury, were of such a nature that a continuance should have been at once directed by the court: Holden v. Penna. R. R. Co., 169 Pa. 1.

*Clarence Ballentine*, with him *John P. Kelly*, for appellees.

OPINION BY MR. JUSTICE POTTER, May 10, 1909:          ·

This was an action of replevin for an amusement device known as a circle swing. The suit was brought by the United States Circle Swing Company against Annette Reynolds and Arthur Frothingham, trading as the Rocky Glen Park Company, a partnership. On June 8, 1906, Annette Reynolds, as the agent of her brother, William B. Reynolds, filed an affidavit that the property replevied belonged to him; and upon this petition, sworn to by Annette Reynolds, the said William B. Reynolds was permitted to intervene as party defendant. Thereafter he filed an affidavit of defense in which he claimed to have bought the property replevied at a landlord's sale, and that he was at that time the owner of the said property by virtue of the title so acquired. When the case was called for trial William B. Reynolds, by Annette Reynolds, his attorney in fact, presented a petition, asking leave to amend his former affidavit of defense so as to limit his ownership to a small portion of the apparatus, consisting of six cars. His claim to this much was conceded by the plaintiffs. Upon the trial the court directed the jury to be sworn as to William B. Reynolds alone

as a defendant; and took the position that under the pleadings there was no question of ownership of the property at issue, and instructed the jury that the only fact to be determined by them was the value of the goods replevied. The verdict was for the plaintiffs for all the property described in the writ of replevin, except the six cars, and was for the defendants, as to them. This appeal has apparently been taken by Annette Reynolds and Arthur Frothingham, but as there was no judgment against them, they have no standing to appeal; and as William B. Reynolds obtained judgment for all that he claimed at the trial, his ground of appeal is not clear. We see no error in the refusal of the court to strike the case from the list, or in directing the jury to be sworn as to William B. Reynolds. The case was at issue as to him alone. The record does not show whether the objection to the swearing of the jury as to William B. Reynolds alone was made on behalf of all the defendants or not. If it was on behalf of Annette Reynolds and Arthur Frothingham, they have no reason to complain; for there is no verdict or judgment against either of them. If the objection was made on behalf of William B. Reynolds, it is apparent that he was not prejudiced in any way by the trial. In the affidavit of defense which he first filed, he claimed all of the property in suit, and set forth that he acquired it at constable's sale, and by assignment from the other defendants. This claim was inconsistent with the existence of any right of property whatever on the part of the other defendants. For some reason, before the trial he withdrew his claim to the greater part of the property, but the case was still at issue as to him, and the plaintiff was entitled to have the case tried.

It is also contended that the court below erred in permitting the jury to be sworn as to William B. Reynolds alone, for the reason that Annette Reynolds and Arthur Frothingham, the original defendants, had filed what was alleged to be a plea in abatement, in which they averred that the suit was brought in the name of a fictitious person, and that there was no such corporation as the United States Circle Swing Company. This was not a plea in abatement, for its effect would be, not merely to abate this particular suit, but to destroy the right

of action itself. It does not pretend to give the plaintiffs a better writ, or point out a mistake which might be avoided by the plaintiffs in forming their new writ. This requirement has often been made the test by which to distinguish whether a given matter should be pleaded in abatement or in bar. The effect of the matter here set out was to impugn the right of action altogether. It was therefore a plea in bar, and not in abatement. The defendants Annette Reynolds and Arthur Frothingham filed no response to the writ of replevin, except this alleged plea in abatement, but which was as we have pointed out, really a plea in bar. William B. Reynolds had intervened, and given a counter bond and filed an affidavit of defense, claiming to own the property. The case was therefore at issue between the plaintiffs and the intervening defendant alone. When the case went to trial it was unnecessary for the plaintiffs to offer any evidence of its title because, as the record then stood, the declaration of the plaintiffs was uncontradicted by any of the pleadings in the case, except as to the ownership of the six small cars. We think the trial judge was clearly right in his view that the only question left for the consideration of the jury was the value of the property.

In the eighteenth assignment of error, complaint is made of the ruling of the court below as to the right of the plaintiffs to bring this action, without being properly registered under the Act of April 22, 1874, P. L. 108. But the question does not seem to have been raised in the affidavit of defense, and was not apparently an issue in the case. But in so far as the facts of this case go, they disclose nothing which would forbid the plaintiff, as a foreign corporation, to maintain an action in the courts of Pennsylvania, to recover its personal property. William B. Reynolds who claimed and retained the property, had no contract relations with the plaintiffs, and he would therefore have no standing to object that the plaintiff corporation was doing business in this state, without having complied with the registration act. This principle is clearly set forth in King Optical Co. v. Royal Insurance Co., 24 Pa. Superior Ct. 527.

It is further contended that objectionable remarks made by

counsel for plaintiffs in his address to the jury were of such a nature that the court erred in refusing to withdraw a juror and continue the case. The trial judge instructed the jury to disregard any remarks made by counsel outside of the evidence, and in his opinion refusing a new trial, he states that he believes the jury were not influenced as to the amount of the verdict, by the alleged offensive remarks of counsel. We see no reason for doubting the correctness of his conclusion in this respect. Nor do we see any merit in any of the questions raised by the assignments of error. They are overruled, and the judgment is affirmed.