In re THOMPSON.

(District Court, D. New Jersey. June 29, 1912.)

1. EVIDENCE (§ 265*)—ADMISSIONS—ADMISSIBILITY.

Statements in the nature of admissions, judicial or extrajudicial, are not always binding even upon the party making them, but are always evidence against the maker and those who are in privity with him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

2. BANKRUPTCY (§ 243*)—PETITION FOR RECLAMATION OF PROPERTY—EVIDENCE —ADMISSIONS BY BANKRUPT.

Statements made by a bankrupt on his examination as to the ownership of a dredge in his possession at the time of the filing of the petition, in the absence of any documentary evidence as to the capacity in which he held it, are admissible as admissions against his trustee on the hearing of a petition by an adverse claimant to reclaim the dredge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 243.*]

In the matter of William J. Thompson, bankrupt. On review of referee's order adjudging the title to Suction Dredge No. 1 to have been in the bankrupt at the time of the filing of the petition. Reversed and remanded.

George W. Harkins, Jr., and Thomas P. Curley, for claimant. Bleakly & Stockwell, for trustee.

RELLSTAB, District Judge. After the adjudication of William J. Thompson as a bankrupt, John J. Stoer, the petitioner on review, presented his petition to the referee, claiming that he was the owner of Suction Dredge No. 1 in the possession of Thompson at the time the bankruptcy proceedings were begun. Thompson died previous to the taking of testimony on such petition, but not before he was examined before the referee, under the Bankruptcy Act (Act July 1,

1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418])', at a meeting of his creditors. In the reclamation proceedings, after the petitioner had offered a bill of sale of such dredge made to him by the United States marshal of the Eastern District of Virginia, he offered in evidence the deposition of the bankrupt given at such meeting. This the referee rejected on objection of the trustee.

The colloquy between the referee, counsel for the petitioner, and the trustee, at the time of offering such deposition, as shown by the record, discloses uncontradicted assertions that such testimony comprised the answers of the bankrupt to questions put to him on behalf of the trustee at such creditors' meeting, and that such deposition was taken after notice that Stoer claimed to own such dredge. Counsel for Stoer, in his briefs and on the argument before this court, claimed that in such deposition the bankrupt disclaimed ownership of the dredge and declared it was owned by Stoer. There is testimony in the case which tends to prove that subsequent to the making of such bill of sale Stoer sold the dredge to Thompson, taking his notes for the purchase price, and that thereafter, upon Thompson's inability to pay such notes, he surrendered the title of the dredge to Stoer, at which time such notes were given back to Thompson. There was no actual change of possession, however, Thompson continuing, so it is alleged, to use such dredge under an oral agreement with Stoer.

There being no documentary evidence showing such transfer of the dredge to and from Thompson, and he continuing in possession at the time of the institution of the bankruptcy proceedings, admissions made by him within certain limitations, concerning the title to the dredge and the character of his possession, were pertinent and relevant to the issue raised in these reclamation proceedings. Statements to like effect made by Thompson to third parties before the beginning of such bankruptcy proceedings were admitted by the referee, but the sworn statements in question and all others made by Thompson since such bankruptcy proceedings were instituted were rejected. The trustee does not deny the relevancy of any admission made by Thompson before the institution of the bankruptcy proceedings and while he was in possession of the dredge, but claims that such statements made by Thompson after his adjudication as a bankrupt, and, when all his interest in the estate had passed to the trustee, are not binding upon the trustee, and therefore are irrelevant. But this confuses admissions with declarations against interest, and the probative weight of such statements with their admissibilty. Admissions do not depend for admissibility upon their being made at a time when declarant had an interest in the property or controversy. They are equally admissible when made by a person for whose statements the party sought to be charged therewith is legally responsible. 2 Chamberlayne, Evidence, § 1233.

[1] Furthermore, statements in the nature of admissions, judicial or extrajudicial, are not always binding even upon the party making them. They do not always operate as estoppels, but are always evidence against the maker and those who are in privity with him.

[2] The rights of the trustee in many particulars are no greater

than those of the bankrupt with whom he is in privity. His title to the dredge depends upon Thompson's ownership thereof at the time he was adjudicated a bankrupt. If Thompson had been alive at the time of taking the testimony in these reclamation proceedings, he would have been a competent witness as to the title of the dredge, and his disclaimer of title, admittedly, would have been admissible against the trustee. His death, however, prevented his being called as a witness and seriously limited claimant's right to give testimony in that behalf, as, under the New Jersey statute concerning evidence (Rev. 1900, 2 Comp. Stat. N. J. p. 2219), which is made applicable in these proceedings by U. S. Rev. Stat. § 858, as amended by Act June 29, 1906, c. 3608, 34 Stat. 618 (U. S. Comp. St. Supp. 1909, p. 242), it is a serious question whether or not he is precluded from testifying as to any transaction with or statement by the deceased bankrupt, unless the trustee offered himself as a witness and testified to such matters. See In re Shaw (D. C.) 6 Am. Bankr. Rep. 499, 109 Fed. 780. But, while claimant may be precluded from testifying as to such transactions and statements, he is not prevented from presenting the sworn statement made by the bankrupt at such creditors' meeting. Such deposition does not come in the category of voluntary statements made after interest in the property or controversy has been terminated. At the time of being examined Thompson was not without interest in the property the title to which, under the Bankruptcy Act, had passed to the trustee, or in the administration of such estate. A realizing upon the assets of an amount greater than his debts and expenses of administration would inure to his pecuniary benefit, and his discharge depended upon his complying with the requirements of such act. The testimony in question was given in pursuance of section 7, cls. 1 and 9, which required him to "attend the first meeting of his creditors if directed by the court or a judge thereof to do so," and to submit himself at such or any other time if so directed, "to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate." This duty is reinforced by section 21a.

While such testimony is primarily for the information of the trustee in aid of his administration of the estate, it is also available to parties in interest. Section 47a, cl. 5. Such testimony is not to be classed with declarations made out of court. It is judicial in its nature and with reference to it the trustee may properly be said to be in privity with the bankrupt, and, while not concluded by the bankrupt's admissions made therein, they are admissible against him in controversies arising in such bankruptcy proceedings. If this testimony is of the character alleged by claimant, it is primary evidence of his right to such dredge, and does not depend for its introduction upon the death or absence of declarant, the prerequisite for the introduction of extrajudicial declarations against interest (Chamberlayne, Evidence, § 1235), and should have been received and given such weight as in the light of the facts proved it deserved.

Such testimony having been excluded, the order under review must be reversed, and the cause remanded that it may be received if offered again. Other competent evidence may also be taken if the introduction of such testimony makes it necessary or advisable.