# Jennings et al., Appellants, *v.* Supreme Photoplay Co.

*Replevin—Receivers of foreign corporation as plaintiffs—Suit on contract and for property—Abatement of writ—Plea in bar—Practice, C. P.—Affidavit of defense—Act April 19, 1901, P. L. 88.*

1. In an action of replevin, instituted by the receivers of a foreign corporation, the court commits error in making absolute a rule to abate the writ, where the defendant, in a petition for the rule in the nature of a plea in abatement, suggests that plaintiffs were described as "receivers without designating by what court they were appointed," that in fact the corporation they represented was a foreign corporation, and that plaintiffs had "no standing whatsoever to institute said suit of replevin," and the court in abating the writ relied on the rule that receivers can sue only in the jurisdiction which appoints them.

2. Such a petition presents a plea in bar rather than in abatement, and the plea must be made by an affidavit of defense under the Pennsylvania Act of April 19, 1901, P. L. 88.

3. Facts depended upon as reasons for abatement must be pleaded with exactness and should be certain to every intent; they cannot be aided by intendment or inference.

4. The circumstance that receivers have been appointed for a corporation, does not in itself denote insolvency.

5. In an action of replevin by the receivers of a foreign corporation, where the sole statement on the record concerning ownership of the articles in controversy is that "they belong to and are the property of plaintiffs," there is no ground for the court to assume, at a hearing on a plea in bar to abate the writ, that such property was not vested in them.

6. Where it is necessary for receivers appointed by a foreign jurisdiction to obtain leave to sue in another jurisdiction, the courts in the jurisdiction where suit was brought may, in the absence of anything on the record to show whether or not such leave was obtained, assume a properly granted permission to sue.

7. While unregistered corporations may not sue in Pennsylvania to enforce contractual relations, they may sue in replevin to recover their personal property.

8. In an action of replevin by the receivers of a foreign corporation, the writ should not be abated on a plea in bar because of "want of sufficient plaintiffs," but the pleadings provided by the Pennsylvania statute should be used so as to show how far

the plaintiffs may properly stand in the shoes of the corporation for which they were appointed receivers, how far they are authorized to maintain an action of replevin in Pennsylvania, whether there are domestic creditors to be protected, and such other questions as may be properly raised in the case.

Argued March 17, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 66, March T., 1927, by plaintiffs, from order of C. P. Allegheny Co., Oct. T., 1926, No. 2910, making absolute rule to abate writ of replevin, in case of Percy H. Jennings et al., Receivers of the Arrow Pictures Corporation, v. Supreme Photoplay Co. Reversed.

Replevin by receivers of a foreign corporation.

Rule to show cause why writ should not be abated. Before SWEARINGEN and McVICAR, JJ.

Rule absolute. Plaintiffs appealed.

*Error assigned* was, inter alia, order, quoting record.

*Samuel J. Horvitz* and *A. L. Wolk,* for appellants.— Foreign receivers may maintain replevin suit in Pennsylvania: Converse v. Hamilton, 224 U. S. 243; Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399; Bagby v. Atlantic, etc., R. R., 86 Pa. 291; Frowert v. Blank, 205 Pa. 299.

It is not necessary, before a writ in replevin issues, that the record show what court appointed plaintiffs receivers in equity of a corporation, what title or right of possession to the goods they have, what their duties and powers are, why they are receivers, whether the corporation is insolvent and the reason for the exercise of extraterritorial rights: Berger v. Berger, 19 Pa. Dist. R. 427.

The statute in replevin provides a complete code of practice and all questions should be raised in the affidavit of defense: Stern v. Yates, 25 Pa. Dist. R. 474.

*Joseph R. Conrad,* for appellee.—Foreign receivers cannot remove assets from a foreign jurisdiction to the domicil of the receivers and compel creditors, or those in possession of the property, who may have claims against them, to contest them in a foreign court: Frowert v. Blank, 205 Pa. 299; Smith v. Machinery Co., 83 Pa. Superior Ct. 143.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 11, 1927:

This suit was commenced by Percy H. Jennings and, Myron L. Lesser, "receivers in equity of the Arrow Pictures Corporation, a corporation organized under the laws of the State of Virginia." It is an action in replevin, to recover certain moving picture "prints," commenced September 13, 1926, by the filing of a præcipe, together with an affidavit of value and an additional affidavit for the purposes of having "said prints impounded." A bond in the sum of $7,200, twice the value of the prints, was executed by plaintiffs with corporate surety. The writ was served on defendant, the goods taken by the sheriff and placed in storage. It is alleged in the affidavit of value by one of the plaintiffs that he was duly authorized to make the affidavit and that the articles mentioned in the præcipe belong to and are the property of the plaintiffs. On September 15, 1926, defendant filed a petition in the nature of a plea in abatement, and obtained a rule to show cause why the writ should not be abated. The court below made the rule absolute and this appeal followed.

The petition to abate the writ calls attention to the fact that plaintiffs are described as "receivers, without designating by what court they were appointed"; it avers that the Arrow Pictures Corporation was incorporated under the laws of Virginia and that plaintiff receivers were appointed by the United States District Court for the Southern District of New York; and, contending that receivers so appointed have "no stand-

ing whatsoever to institute said suit of replevin," it asks that the writ "abate for want of sufficient plaintiffs."

Plaintiffs admit the facts stated in defendant's petition but argue that they constitute no reason for abating the writ; they further contend that the petition presents a plea in bar rather than in abatement, and that such plea must be made by an affidavit of defense, as provided in our act of assembly.

Defendant's position is that the plaintiffs have no standing whatever to maintain their action; to sustain this plea, it cites the rule prevailing in the United States courts, as laid down in Booth v. Clark, 17 Howard 321, 323, and discussed in Great Western M. & M. Co. v. Harris, 198 U. S. 561, 574, 576, to the effect that "a receiver is an officer of the court which appoints him, and, in the absence of some conveyance or statute vesting the property of the debtor in him, he cannot sue in courts of a foreign jurisdiction." The reason for this rule is explained in the last mentioned case thus: "Every jurisdiction, in which it is sought by means of a recever to subject property to the control of the court, has the right and power to determine for itself who the receiver shall be, and to make such distribution of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the [local] court or its approval as to the officer who shall act in the holding and distribution of the property recovered."

In Feather v. Hustead, 254 Pa. 357, 361, speaking of facts depended upon as reasons for abatement, we said: "Such matters must be pleaded with exactness and should be certain to every intent: [they] cannot be aided by any intendment or inference." The circumstance that receivers have been appointed for the Arrow Pictures Corporation does not in itself denote

insolvency (John Deere Plow Co. v. Hershey, 287 Pa. 92, 99, 101), and, as the record now stands, we do not even know whether there are any Pennsylvania creditors of that concern. The sole statement on the record concerning ownership of the articles in controversy is that "they belong to and are the property of plaintiffs"; hence there is no ground for assuming at this time that such property is not vested in them.

If, as suggested at argument, leave of the court which appointed plaintiffs receivers is necessary to authorize them to institute the present action, we see no reason why, in the absence of anything on the record to that effect, it should be taken for granted at this stage of the proceeding that they did not receive such permission: Carroll v. Hannon, 288 Pa. 320, 323, 324. But the court below did not rest its decision abating the writ on such ground; it adhered to the rule mentioned in a preceding paragraph of this opinion that, ordinarily, receivers can sue only in the courts of the jurisdiction which appoints them, saying, in disposing of defendant's so-called plea in abatement, "The only question for decision is whether or not these plaintiffs can maintain an action of replevin in Pennsylvania," not whether the plaintiffs were obliged to show permission of the tribunal which appointed them, or whether the suit should have been brought in some other court, or in some other form, or on a different averment of facts, but whether plaintiffs were legally entitled to carry on any such suit in Pennsylvania. This, which we accept as a correct statement of the position assumed by defendant in the court below, makes apparent the fact that its plea is in bar rather than in abatement.

In U. S. Circle Swing Co. v. Reynolds, 224 Pa. 577, 582, we said, speaking of what was entered as a plea in abatement, "It does not pretend to give plaintiffs a better writ, or point out a mistake which might be avoided by plaintiffs in forming their new writ; this requirement has often been made the test by which to

distinguish whether a given matter should be pleaded in abatement or in bar. The effect of the matter here set out was to impugn the right of action altogether; it was therefore a plea in bar and not in abatement." Taking into consideration the allegation in defendant's petition, or plea, that plaintiffs have "no standing whatsoever to institute said suit of replevin," the prayer thereof that the writ "abate for want of sufficient plaintiffs," together with the federal rule on which the plea avowedly rests, it can be said here, as was said in the case from which we have just quoted, that, so far as the present plaintiffs are concerned, the effect of the plea is "to impugn [their] right of action altogether," and, therefore, it must be viewed as "a plea in bar and not in abatement."

The Act of April 19, 1901, P. L. 88, relating to replevin, provides by section 6 that "The declaration and affidavit of defence......constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined." Plaintiffs contend that this act in effect forbids pleas in abatement, but, since the one before us is not a good plea in abatement, it is unnecessary to decide that question.

While unregistered foreign corporations may not sue in Pennsylvania to enforce contractual relations, it is established that such corporations may sue in replevin to recover their personal property (U. S. Circle Swing Co. v. Reynolds, supra, 582, and Duroth Mfg. Co v. Cauffiel, 243 Pa. 24, 29), so long as the action does not involve the enforcement of contract rights. How far the present plaintiffs may properly stand in the shoes of the corporation for which they have been appointed receivers, how far they are authorized to maintain this action in replevin in our courts, whether there are any domestic creditors to be protected, as to which fact the present record contains no information, and, if so, in

what manner they shall be protected (whether by following the rule prevailing in the federal courts or in some other way), together with the other questions of fact and law which defendant sought to have adjudicated by its bad plea in abatement, can all be raised, examined and determined at trial or otherwise, by a proper use of the pleadings provided for in our act of assembly, whereby we may gain some needed light on such points as shall prove to be involved. The court below erred by prematurely determining the case.

The order appealed from is reversed with a procedendo.