## Sullivan Machinery Co., Appellant, v. Griffith, Receiver of Rowena Coal Co.

Argued October 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William H. Burd,* with him *James B. Landis,* for appellant.—The decree of the court below finding the Rowena Coal Company to be solvent is conclusive on the parties in this case: Gilboy v. Boro., 228 Pa. 252.

*Joseph Levy,* with him *Tillman K. Saylor,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1928:

Plaintiff issued a writ of replevin in Somerset County against defendant, receiver of the Rowena Coal Company, to obtain possession of certain mining machinery sold by plaintiff to that company under a conditional sale agreement made prior to the Conditional Sales Act of May 12, 1925. On the trial the court gave binding

instructions for defendant and thereafter entered judgment for plaintiff n. o. v.; the Superior Court on appeal reversed and granted a new trial. This is the action complained of by plaintiff.

The decree appointing the receiver was entered by the Court of Common Pleas of Cambria County and set forth that the corporation was solvent but presently unable to meet its obligations.

On the trial of the pending case in Somerset County, the defense was that the corporation was insolvent at the time of the appointment of the receiver. Nothing was done to modify the decree in Cambria County and nothing has as yet been done in that respect. The Somerset County court was asked to determine the question of insolvency by testimony which was submitted as to the appraised value of the company's assets and the amount of its debts. This comparison showed it to be actually insolvent.

In reversing, the Superior Court said that the receiver should not be precluded from obtaining in the court which appointed him a further adjudication with respect to actual solvency or insolvency of the corporation at the time of his appointment; with this we agree. We also are in accord with the conclusion of the Superior Court that the ascertainment by a competent tribunal of the fact of solvency or insolvency at the time of the receiver's appointment is essential to the adjudication of the rights of the parties in this action; that tribunal is the Court of Common Pleas of Cambria County which appointed the receiver and whose finding that the company at that time was solvent is undisturbed. If the corporation was in fact insolvent, the receiver had the rights of an attaching creditor and plaintiff could not maintain his action: Deere Plow Co. v. Hershey, 287 Pa. 92; Jennings v. Supreme Photoplay Co., 289 Pa. 240; Shipler v. New Castle Paper Products Corp., 293 Pa. 412; Allen v. Marshall et al., Receivers, 294 Pa. 185. If

it was solvent, then plaintiff would seem to be entitled to recover.

The course pursued by the court in the trial was calculated to mislead the parties as to their respective positions, and, therefore, we will affirm the action of the Superior Court in awarding a new trial, to enable the defendant receiver, if he can, to secure a modification of the decree of the Cambria County court; if he should fail so to do, in the face of its decree he cannot raise the question of the corporation's insolvency in this action.

The order of the Superior Court awarding a new trial is affirmed.