Sullivan Machinery Company, Appellant, *v.*
Griffith.

Argued April 16, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ.

*William H. Burd,* and with him *J. B. Landis,* for
appellant.

*Joseph Levy,* and with him *Tillman K. Saylor,* for
appellee.

Opinion by Cunningham, J., July 10, 1930:

The action below was replevin by a Massachusetts corporation against the permanent receiver of the Rowena Coal Company, a Delaware corporation, having its principal office in the City of Johnstown, Cambria County, and operating a coal mine in Somerset County, for certain mining machinery sold to it by plaintiff under a conditional sales contract, dated April 22, 1925, (prior to the Conditional Sales Act of May 12, 1925, P. L. 603), and providing for payment of the purchase price, $2,021.95, in three equal instalments, only one of which was paid. There have been two trials and this is the second appeal.

On May 3, 1926, a bill in equity was filed in Cambria County by stockholders, who were also creditors of the coal company, alleging that it was solvent but financially embarrassed and praying for the appointment of a receiver, "temporary until final hearing," to conduct its business as a going concern. W. C. Wilson was appointed temporary receiver on that date, but on August 3, 1926, after hearing upon the bill, Roy T. Griffith was appointed permanent receiver. By permission of the court of common pleas of Cambria County, this action of replevin was instituted in Somerset County on December 8, 1926; the plaintiff gave the requisite bond and took possession of the machinery.

As this proceeding was instituted more than four months after the receivership, the case necessarily turns upon the question whether the Rowena Coal Company was actually solvent or insolvent when the permanent receiver was appointed; if insolvent, the defendant had, for the reasons fully set forth in the opinions of this court and of the Supreme Court, hereinafter cited, the rights of a levying creditor and took a good title to the machinery in question, with the result that the plaintiff could not maintain its action. The difficulty under which the defendant labored at the

first trial was that it was recited in the preamble to the decree of August 3, 1926, appointing him permanent receiver, "that [the coal company] although solvent, is presently unable to meet and discharge its present obligations, which have matured and those which are maturing, and that for the preservation of its assets, permanent receivers should be appointed."

At the first trial the court, over objection, admitted documentary and parol evidence, tending to show the insolvency of the company at the time the original bill was filed and the temporary receiver appointed, and directed a verdict for the defendant. Subsequently judgment for the plaintiff n. o. v. was entered upon the ground that the above quoted provision of the decree of the court of common pleas of Cambria County was an adjudication of the solvency of the coal company which was binding upon the court of Somerset County and required a judgment in favor of the plaintiff. Upon appeal by the defendant to this court the judgment was reversed with a venire: Sullivan Machinery Company v. Griffith, Receiver, 94 Pa. Superior Ct. 207, affirmed by the Supreme Court, 294 Pa. 422. Concluding its opinion, this court said: "In view of the manifest purpose of this receivership, we think the receiver is not precluded from obtaining, if deemed advisable, in the court which appointed him, a further adjudication, based upon subsequent developments, with respect to the actual solvency or insolvency of the company at the time of his appointment."

In affirming the action of this court the Supreme Court said, inter alia: "We shall affirm the action of the Superior Court in awarding a new trial, to enable the defendant receiver, if he can, to secure a modification of the decree of the Cambria County court;" and added, "if he should fail so to do, in the face of its decree he cannot raise the question of the corporation's insolvency in this action."

Following the return of the record, the defendant

on February 4, 1929, presented his petition to the court of common pleas of Cambria County, setting forth the essential facts, referring to the above mentioned opinions and averring that the coal company was at the time of his appointment, and continued to be, "actually insolvent," and obtained a rule upon plaintiff and all creditors to show cause why the decree of August 3, 1926, appointing him permanent receiver, should not be amended to show that the coal company was insolvent at that time. Testimony was taken supporting the averments of the petition. In March, 1929, the complainants in the original bill presented their petition to the same court, stating that "the exact financial condition of the ...... corporation was not definitely known to your complainants, nor were there sufficient facts produced at the hearing, at the time the decree appointing the permanent receiver was drafted," to permit the making of a final adjudication with respect to the solvency or insolvency of the company. The prayer of the petition was that leave be granted to amend the seventh paragraph of the bill to conform with the facts developed on the rule to amend the decree and to show that at the time of its filing the coal company was actually insolvent as its assets amounted approximately to $91,119.40 and its liabilities to $147,516.92. Upon consideration of this petition leave to amend was granted and on August 5, 1929, the decree of August 3, 1926, was amended to read, in lieu of the language heretofore quoted: "And it further appearing that the respondent company *is actually insolvent* and is presently unable to meet and discharge its present obligations," etc.

Thereupon defendant filed an amended affidavit of defense in this action, setting forth the above amendments and attaching certified copies of the proceedings in Cambria County. On August 30, 1929, the case was again tried and resulted in a directed verdict for the defendant in the sum of $1,500, with interest; plain-

tiff's motions for judgment n. o. v. and for a new trial were overruled and we now have this appeal by the plaintiff from the judgment entered upon the verdict.

The assignments of error are based upon the refusal of plaintiff's points for binding instructions and the denial of its motion for judgment in its favor n. o. v. The single question involved upon this appeal arises from the refusal of the trial judge to affirm plaintiff's second point reading: "The decree of the court of common pleas of Cambria County sitting in equity having found that the Rowena Coal Company was insolvent on the 3rd day of August, 1926, and there being no evidence to show whether the Rowena Coal Company was solvent or insolvent on the 3rd day of May, the date of appointment of W. G. Wilson, as [temporary] receiver, your verdict must be for the plaintiff."

This point entirely disregards the fact of the amendment to the seventh paragraph of the original bill, offered and received in evidence at the trial without objection, which amendment contains a clear averment of insolvency at the time of the institution of the equity proceedings and the appointment of the temporary receiver. Moreover, the effect of the amendments to the bill and decree is to bring this case within the principle thus stated by the Supreme Court in Blum Bros. v. Girard National Bank, 248 Pa. 148, 154: "Undoubtedly, had the averments of the bill presented directly the issue of solvency or insolvency, and had the court appointed receivers pending the determination of that issue, with the result of a formal adjudication of insolvency, in adjusting the rights of creditors, the corporation would have been treated as though insolvent from the beginning; therefore, here, with insolvency at the date of the appointment of the receivers either expressly or impliedly admitted by the appellants, for the purpose of these cases, the court

594

below was justified in treating that as an accomplished fact which would have been done had application been made to it for the purpose, i. e., a formal adjudication of the insolvency of the corporation with an appropriate formal direction to realize upon the assets for the benefit of creditors and others ultimately entitled. The defendants at bar were in nowise harmed by the course pursued, they at no time changed their position or refrained from so doing to their prejudice, and they stood just where they would have stood had insolvency been expressly averred in the original bill, followed by the appointment of the receivers on that basis; to give the appellants a preference now would not be right or just to the other creditors, nor is it required by anything in our decisions." See also Cowan v. Pennsylvania Plate Glass Co., 184 Pa. 1, 10.

There is no merit in any of the assignments and they are accordingly overruled.

Judgment affirmed.