KAY v. FEDERAL RUBBER CO. et al.

No. 4863.

Circuit Court of Appeals, Third Circuit.

Aug. 1, 1932.

See, also, (C. C. A.) 46 F.(2d) 64.

Elston C. Cole, William A. Gray, and J. K. Miller, all of Philadelphia, Pa., for appellant.

Harry L. Jenkins, and Bertram Bennett, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

The Federal Rubber Company, the Goodyear Tire & Rubber Company, Inc., and the Northern Rubber Company, as creditors of Charles S. Kay, hereinafter designated the bankrupt, filed an involuntary petition in bankruptcy under section 3a (1) of the Bankruptcy Act, 11 USCA § 21 (a) (1), charging that the bankrupt, while insolvent, conveyed, transferred to, and concealed with persons named certain of his property and funds with intent to hinder, delay, and defraud his creditors. The bankrupt in his answer denied insolvency, denied the specific acts of bankruptcy charged, and demanded trial of the issues by jury. After testimony was introduced on behalf of the petitioning creditors, no evidence was offered on behalf of the bankrupt. A verdict was returned in favor of the petitioning creditors; motion for a new trial was discharged; and an adjudication in bankruptcy was entered, from which this appeal is taken.

We will consider the assignments of error in the order in which they are discussed in the briefs.

■ Error is charged in the refusal of the court to withdraw a juror because of an alleged prejudicial statement made by the attorney for the petitioning creditors in his opening to the jury. The statement was to the effect that one Colonel Bacon had a conference with the bankrupt; that the bankrupt referred Colonel Bacon, who was a member of the bar in Ohio, to Mr. Miller, the bankrupt's counsel; that Mr. Miller conferred with Colonel Bacon; that some question was raised concerning the examination of the books; and that Mr. Miller offered to settle the indebtedness of the bankrupt for 25 per cent. Upon motion to withdraw a juror, the court said: "I will instruct the jury that we are not concerned with any attempts to reach a compromise,—it has nothing whatever to do with the merits of the case. I decline the motion and give the defendant an exception."

The jury having been thus instructed, we think the refusal to withdraw a juror was not an abuse of discretion. Although the statement of counsel included a fact which may not have been material or provable under the issues, yet, in view of the prompt and decisive instruction of the trial judge, it was not reversible error. U. S. Circle Swing Co. v. Reynolds, 224 Pa. 577, 73 A. 982; Rock v. Cauffiel, 271 Pa. 560, 115 A. 843; Donahue v. Punxsutawney Borough, 298 Pa. 77, 148 A. 41.

■ At the trial, the attorney for the petitioning creditors called the bankrupt to the stand and examined him concerning the matters in issue. It is contended on behalf of the bankrupt that he was called upon to testify under the provisions of section 3d of the Bankruptcy Act, 11 USCA § 21 (d), and that it was error to allow him to be so called, because the petition in bankruptcy was under subdivision (1) of section 3a and the burden of proving solvency was upon him. Whether or not the bankrupt could have been required to take the stand under section 3d is immaterial, for the reason that the petitioning creditors were within their rights in calling him as an adverse party, as for cross-examination, under the Pennsylvania Act of March 30, 1911, P. L. 35 (28 PS § 381), which is applicable to trials in the federal courts sitting in Pennsylvania. In re Kessler (D. C.) 225 F. 394; Rowland v. Biesecker (C. C.) 181 F. 128; Ward v. Morrow (C. C. A.) 15 F.(2d) 660; In re Hoffman (D.

C.) 199 F. 448; In re Thompson (D. C.) 197 F. 681, 28 A. B. R. 794.

■ Error is assigned to the admission of the testimony of the witness Bacon concerning the number of tires seen by him in the bankrupt's place of business in April, 1930, within four months preceding the date of the filing of the petition. The witness stated that he was able to tell approximately the number of tires in the room. Referring to a memorandum made at the time, he testified, under objection, that there were twelve or thirteen hundred tires in sight. The materiality of the difference of one hundred tires, more or less, depends upon its bearing upon the amount of the bankrupt's assets more than four months prior to the filing of the petition, and those found and accounted for afterward. It was for the jury to determine the materiality of the evidence in connection with the other evidence in the case.

■ The bankrupt complains of the admission in evidence of a document containing an official inventory and appraisement. It was identified by one of the appraisers appointed by the court, who testified that he had been engaged in the tire business for some years, that he was familiar with the price of tires, and that the values had been placed thereon by him. This was admissible as opinion evidence.

■ Error is assigned to the admission, under objection, of the testimony of an accountant, who had examined the books of the bankrupt. The ground alleged is that, since some of the books were not produced or could not be found, his testimony was based upon incomplete records. The court rightly held that that fact went to the value, and not to the admissibility, of the accountant's deductions. While an adverse party is entitled to have the best evidence produced against him, there is nothing in the record in this case to show that the books produced were not the best evidence available.

■ Error is charged to the admission of bank deposit slips to show deposits by the bankrupt in various banks. This contention is not sustained by the record. It was shown that the bankrupt had deposit accounts with the banks in his own name, that the deposit slips were filled out under his name, and that the amounts stated thereon were credited to his accounts in accordance with banking custom. We find no error in their admission.

■ Error is charged in the admission of invoices and sales slips offered in evidence. There is nothing in the assignments of error nor in the briefs to indicate what particular invoices and sales slips are referred to as objectionable, or their connection with the issues in the case. Invoices were shown to the bankrupt, while on the witness stand, and he was examined concerning them. Without identification of the particular invoices and sales slips in controversy, we may assume that they were among the papers identified by the various witnesses, or among those called for by the bankrupt himself, when upon the witness stand. At all events, they are not so identified as to enable us to say that there was error in their admission in evidence.

■ The final point raised by the bankrupt is that, during the proceedings, the trial judge ruled that the burden of proof of insolvency was upon the petitioning creditors and not upon the bankrupt; that the trial judge was under the impression, without examination of the pleadings, that the petition was filed upon the ground of preferential transfer under the second subdivision of section 3a, 11 USCA § 21 (a) (2), and that the bankrupt was voluntarily submitting to an examination under section 3d; and that, therefore, the burden of proof of insolvency was upon the petitioning creditors. There were no rulings prejudicial to the bankrupt while this impression remained in the mind of the trial judge. We accept the statement of the trial judge, and find it sustained by the record, that, after ascertaining the fact that, under paragraph (c) of section 3 (11 USCA § 21 (c), the burden of proving solvency was on the bankrupt, full opportunity was allowed the attorney for the bankrupt to put in his defense after the petitioning creditors rested their case. The record shows that the attorney for the bankrupt then made the following statement: "In the opinion of counsel representing the defendant in this case, my friend has failed to comply with the requirements of the law, and, therefore, we are perfectly willing to let the jury settle the question on the testimony that has been produced. We will rest our case."

The judge, in his charge to the jury, instructed it that the burden of proving solvency was upon the bankrupt. This is a correct statement of the law. We do not find that the rulings in the earlier part of the trial were prejudicial to the bankrupt. Neither after the trial judge had corrected his impressions of the issues, nor at any other time, did he prejudice the right of the bankrupt to prove his solvency. The failure to call the bankrupt or any witnesses on his behalf was a matter entirely within the discretion of his

attorney, and the bankrupt cannot claim now that he was prejudiced by any burden placed upon the petitioning creditors through the mistaken impressions of the trial judge of the issues during the early part of the trial.

Finding no prejudicial error in the rulings upon the evidence nor in the charge of the court, the appeal is dismissed and the adjudication in bankruptcy affirmed.