### CRUM v. PATTERSON et al.
#### No. 4887.

Circuit Court of Appeals, Third Circuit.
March 13, 1933.

264

Edward J. Harkins and Scanlan & Hawkins, all of Johnstown, Pa., for appellant.

George W. Griffith, of Ebensburg, Pa., for appellee Holsing.

A. A. Nelson and Philip N. Shettig, both of Ebensburg, Pa., for appellee Patterson.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

The appellant, plaintiff below, filed a bill in equity in the court of common pleas of Cambria county, Pa., against James G. Patterson, individually, and R. G. Holsing, as receiver of the First National Bank of Portage, Pa. The bill set out that Patterson was the president of the bank and was the owner of ten shares of its capital stock; that Patterson induced the appellant to purchase these shares of stock at the price of $225 per share, in reliance upon Patterson's statements as to the value of the stock and the good financial condition of the bank, which statements, it was averred, were untrue and known by Patterson to be untrue; and that there-

after the bank was closed by the Banking Department and Holsing appointed its receiver by the Controller of the Currency.

The bill prayed for a decree to rescind the agreement and purchase of the stock in controversy, to cancel the stock certificate, to strike out the name of the appellant as the owner of the stock from the registry books of the bank, to replace the name of Patterson as the actual owner of the stock, and to require Patterson to repay to the appellant the sum of $2,250, the amount paid for the stock. The bill named Holsing, the receiver, as a codefendant.

Holsing filed a petition in the court of common pleas averring that the suit was one for winding up the affairs of a national banking association, in which the United States District Courts have original jurisdiction, and prayed for the removal of the cause to the United States District Court for the Western District of Pennsylvania. The judge of the state court denied the petition for an order of removal, holding that the real controversy did not involve the winding up of the affairs of the bank and that jurisdiction was not vested in the federal court under section 24, subd. (16), of the Judicial Code (28 USCA § 41, subd. 16). Thereafter Holsing, with the written consent of Patterson, caused the proceeding to be removed to the District Court for the Western District of Pennsylvania. The appellant's petition to the District Court for an order remanding the cause was denied.

When the cause came on for hearing upon pleadings and proofs, the appellant moved for leave to call Holsing and Patterson as for cross-examination. Both motions were denied. At the conclusion of the appellant's testimony, the court entered a decree dismissing the bill.

The following grounds of error are assigned: First, the dismissal of the petition to remand the proceedings to the state court; second, the denial of the appellant's motion to be allowed to call Holsing as for cross-examination; and, third, the denial of the appellant's motion to be allowed to call Patterson as for cross-examination.

The first question for determination is whether the District Court had jurisdiction of the cause as one for winding up the affairs of a national banking association under the provisions of section 24, subd. (16), of the Judicial Code, supra. It is obvious upon examination of the pleadings that the appellant's suit had, as one of its purposes, the avoidance of the assessment of the stock

standing in his name upon the books of the bank, and that that was his purpose in summoning Holsing, the receiver, as a defendant. If the appellant should prevail and the receiver should be required to cancel the certificate and transfer the registration to Patterson, Holsing would clearly be discharging his duties as a receiver in winding up the affairs of the bank. We therefore regard the suit as being clearly one within section 24 of the Judicial Code, above cited. International Trust Co. v. Weeks, 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224; Larabee Flour Mills v. First National Bank (C. C. A.) 13 F.(2d) 330; McCartney v. Earle (C. C. A. 3) 115 F. 462; Guarantee Co. of North Dakota v. Hanway (C. C. A.) 104 F. 369.

Our conclusion is that the court below did not err in dismissing and denying the petition to remand.

■■ The remaining question is whether the court erred in denying the appellant's motions to call Holsing and Patterson as for cross-examination under the provisions of the Pennsylvania Act of March 30, 1911, P. L. 35, amending section 7 of Act May 23, 1887 (28 PS § 381). It was urged on behalf of the appellant that he was thereby deprived of a right conferred upon him by the Federal Conformity Act, 28 USCA § 724. That section provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

The examination of a witness is a proceeding (Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652), and the mode of such proceeding existing in the courts of the state must be followed in the causes within the terms of the Conformity Act. It is clear that the act does not apply to this cause, which is in equity, because its application to equity and admiralty causes is expressly excepted. Dravo v. Fabel, 132 U. S. 487, 490, 10 S. Ct. 170, 33 L. Ed. 421; Calivada Colonization Co. v. Hays (C. C.) 119 F. 202.

■■ The appellant contends, however, that, if the Conformity Act does not apply, one or both of two other statutes are controlling in his favor. The first of the statutes is included in the Act of June 29, 1906, 34 Stat. 618 (28 USCA § 631). That act provides as follows: "The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held."

As the question raised in the court below was not the competency of the witnesses but the right to call them as for cross-examination, that act has no bearing upon the question involved. Nor has the other statute cited for the appellant, namely Rev. St. § 721, (28 USCA § 725), which provides: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

This statute is inapplicable for two reasons: First, because a statute of the United States, namely 28 USCA § 724, does otherwise provide; and, second, because the suit is not at common law but in equity.

■ We discover no error in the refusal of the court below to permit the appellant to call Holsing or Patterson as for cross-examination. The right of a party in an equity suit for discovery of facts assumed to be within the knowledge of the other party is amply protected by Supreme Court Equity Rule 58 (28 USCA § 723). The right under that rule to search the conscience of the opposite party is a substantial reason for the exception of equity causes from the provisions of the Conformity Act, supra.

Our conclusion that the opposite party may not be called as for cross-examination in an equity suit is not inconsistent with our ruling in Kay v. Federal Rubber Co., 60 F. (2d) 454, for the reason that that was a cause in bankruptcy and does not come within the exceptions set out in that act.

Finding no errors in the rulings of the court below, the decree is affirmed.